**James Skip HULSEY,**
**Plaintiff–Appellant,**

**v.**

**STATE OF TEXAS, et al.,**
**Defendants–Appellees.**

**No. 90–8568**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 19, 1991.

James Skip Husley, Amarillo, Tex., pro se.

R.E. Motsenbocker, James M. O'Leary, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, Tex., for defendants-appellees.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

James Skip Hulsey filed a civil rights action in district court against the State of Texas, the City of Odessa, and Ted Hughes, an Odessa police officer. The court dismissed with prejudice Hulsey's claims against the State of Texas for want of prosecution and granted summary judgment in favor of the City of Odessa and Officer Hughes. Hulsey now appeals the court's judgment. We affirm.

In April 1989 Hulsey was on parole from prison after a previous state criminal conviction in Texas. Pursuant to an arrest warrant issued by the Texas Department of Pardons and Paroles, Officer Hughes arrested him in Odessa, Texas for a parole violation based on an allegation that he had committed rape. The next day, Hulsey was transferred to a jail in Ector County, Texas to await the disposition of his parole revocation proceedings.

While Hulsey waited in the Ector County jail, the Odessa Police Department conducted an investigation of the alleged rape. After Hulsey had been in the Ector County jail for five days, formal charges were brought against him in state court for sexual assault. The court appointed an attorney to represent Hulsey.

About two months later, the Odessa Police Department obtained an evidentiary search warrant from a state court judge. This warrant authorized police officers to transport Hulsey to a hospital for the purpose of taking samples of his blood, saliva, head hair, and pubic hair to use in investigating the sexual assault charges pending against him. Pursuant to this warrant, Officer Hughes took Hulsey to a hospital in Odessa.

Before taking the body samples, hospital employees requested that Hulsey sign a medical authorization and release. According to Hulsey, Officer Hughes threatened

him with additional criminal charges if he refused to sign this form. Hulsey reluctantly signed the form and allowed hospital employees to take the body samples. Then Officer Hughes transported him back to the Ector County jail.

About eight months later, after consulting with his attorney, Hulsey pleaded guilty to the sexual assault charge. The trial judge sentenced him to a term of six years in prison. While incarcerated in the state prison in Huntsville, Texas, Hulsey filed this *pro se* suit against the State of Texas, the City of Odessa, and Officer Hughes.

Hulsey alleged that the defendants (1) unlawfully detained him for six days before filing a formal complaint, (2) took body samples from him without showing him a search warrant, (3) forced him to sign a hospital consent form authorizing release of body samples to the police, (4) refused to allow him to call his attorney before submitting to medical tests, and (5) denied him the right to a speedy trial.

The State of Texas moved to quash the summons on the grounds of improper service, and the court granted the motion. In the same order, however, the court directed Hulsey to obtain proper service on the State of Texas by serving the Secretary of State. In addition, the Clerk of Court sent Hulsey detailed instructions on obtaining proper service. When Hulsey failed to perfect service even after receiving these instructions, Hulsey's claims against the State of Texas were dismissed with prejudice for want of prosecution.

The City of Odessa and Officer Hughes, the two remaining defendants, filed a motion for summary judgment. They supported this motion with documentary evidence, including a request for admissions propounded to Hulsey and his response to that request. Hulsey's opposition to the motion consisted of little more than a request that the court deny the defendants' motion.

The court granted summary judgment for the City of Odessa and Officer Hughes. Hulsey now appeals, raising before this Court the same issues that he raised before the trial court. In addition, for the first time on appeal, he argues that the defendants (1) used an invalid search warrant to obtain body samples and (2) denied his right to an examining trial in state court. Finally, Hulsey files a motion for the appointment of counsel on appeal.

*Standards of Review*

■ We review a district court's dismissal for want of prosecution only for an abuse of discretion. *See Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir.1985); *Porter v. Beaumont Enterprise & Journal*, 743 F.2d 269, 271 (5th Cir.1984). In reviewing a grant of summary judgment, we apply the same standard of review applied by the district court. *See Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989).

Summary judgment is appropriate only if, when viewed in the light most favorable to the nonmoving party, the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Although we must draw all inferences in favor of the party opposing the motion, an opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the pleadings. *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to demonstrate that a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously. *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986). In prisoner *pro se* cases, courts must be especially careful to "guard against premature truncation of legitimate lawsuits mere-

ly because of unskilled presentations." *Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir.1980).

### Dismissal of the State

■ The district court issued an order that directed Hulsey to serve the State of Texas by serving the Secretary of State. Moreover, the Clerk of Court sent Hulsey detailed instructions on this process. Instead of following the court's clear instructions, Hulsey filed a motion to dismiss the court's order, arguing that he had exercised good faith in filing his suit and that someone else was responsible for the error in service.

The district court was appropriately lenient with Hulsey because of his status as a *pro se* plaintiff. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 750 (5th Cir.1987); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981). It not only allowed him a second chance at obtaining service but also instructed him on the proper procedure. In response, Hulsey disregarded a clear and reasonable court order. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640–43, 96 S.Ct. 2778, 2779–81, 49 L.Ed.2d 747 (1976).

"The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl,* 660 F.2d at 593; *see Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988). We conclude that the district court did not abuse its discretion in dismissing with prejudice Hulsey's claims against the State of Texas.

### Claim of Unlawful Detention

■ Hulsey alleges that after his arrest, he remained in jail for six days before any complaint was filed against him. The record clearly refutes this argument. In support of the motion for summary judgment, the defendants submitted a copy of the state magistrate's advice of rights form signed by Hulsey at the time of his arraignment. This document establishes that Hulsey was arrested for a violation of the conditions of his parole. In opposing the motion for summary judgment, Hulsey failed to address this issue.

Furthermore, the summary judgment evidence reveals that Hulsey formally admitted that he was arrested for a parole violation. In response to the defendants' request for admissions, Hulsey failed to deny the assertion that he was initially arrested for a parole violation. Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days. Fed.R.Civ.P. 36(a). Hulsey thus admitted that a parole violation was the basis of his initial arrest.

Under Rule 36(b), "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed.R.Civ.P. 36(b); *see Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985). Hulsey failed to make a motion for withdrawal or amendment of his admission. The defendants therefore conclusively established his detention after an arrest for a parole violation and attached conclusive proof to their motion for summary judgment.

Because of the overwhelming evidence of lawful detention for a parole violation and because of Hulsey's failure to respond to this evidence, no genuine issue of material fact remains on the issue of Hulsey's detention. The defendants are therefore entitled to summary judgment on this issue.

### Validity of the Search Warrant

■ Hulsey argues for the first time on appeal that the search warrant authorizing the police to obtain body samples was invalid. Because Hulsey failed to raise this issue before the district court, we need not consider it on appeal. *See Hobbs v. Blackburn,* 752 F.2d 1079, 1083 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

### Failure to Serve the Search Warrant

■ Hulsey alleges that Officer Hughes failed to show him the search warrant before hospital employees took body samples. Assuming, as we must on consideration of summary judgment, that Hulsey's version of the story is true, the fact that Hulsey

did not see the warrant before the search does not invalidate the search under either federal or state law. *See, e.g., United States v. Marx*, 635 F.2d 436, 441 (5th Cir. Unit B 1981) (holding that the failure to deliver a copy of the search warrant to the party searched does not invalidate the search in the absence of a showing of prejudice); *Smith v. State*, 491 S.W.2d 924, 926 (Tex.Crim.App.), *cert. denied*, 414 U.S. 1025, 94 S.Ct. 451, 38 L.Ed.2d 317 (1973) (holding that failure to comply with the technical requirements for issuing a search warrant does not invalidate the search).

By alleging merely that he did not see the search warrant before the search, Hulsey has failed to produce any evidence suggesting a genuine issue of material fact. The district court thus correctly granted summary judgment for the defendants. on this issue.

*Use of Coercion to Obtain Signed Consent Form*

■ Hulsey contends that Officer Hughes improperly coerced him to sign the hospital consent form by threatening him with additional criminal charges. Assuming that this allegation is true, we find that it provides no basis for relief. A valid search warrant had already been issued; the search, therefore, could have been legally conducted without a hospital consent form. *See Schmerber v. California*, 384 U.S. 757, 770–71, 86 S.Ct. 1826, 1835–36, 16 L.Ed.2d 908 (1966). Obtaining a signed consent form—an administrative procedure of the hospital—is irrelevant to the validity of the search.

■ Furthermore, the allegation that Officer Hughes threatened him with additional criminal charges fails to suggest a violation of any other constitutional or statutory right. A complaint of excessive force by a police officer requires a showing that the plaintiff sustained a significant injury resulting from the use of excessive and improper force that was objectively unreasonable. *See Johnson v. Morel*, 876 F.2d 477, 479–80 (5th Cir.1989). The summary judgment evidence reveals that Hulsey failed to submit any evidence of significant injury or excessive force. The district court therefore appropriately granted summary judgment for the defendants on this issue.

*Right to an Attorney in Signing the Consent Form*

■ Hulsey argues that the defendants violated his constitutional rights by refusing to allow him to call his attorney before he signed the hospital consent form. Hulsey has no constitutionally protected right to avoid signing a hospital consent form. As we explained in the previous section, the search would have been legal even without the signed form because it was conducted pursuant to a valid search warrant.

Because the consent form was unrelated to the constitutional validity of the search, Hulsey had no constitutionally protected right to consult with an attorney before signing it. Since his claim on this issue is without merit, the district court correctly granted summary judgment for the defendants.

*Right to a Speedy Trial*

■ Hulsey claims in his brief that his constitutional right to a speedy trial has been denied. Hulsey, however, has failed to discuss this issue in his brief. Issues stated but not briefed need not be considered by this Court on appeal. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir.1985).

*Right to an Examining Trial*

■ For the first time on appeal, Hulsey argues that he has been denied his right to an examining trial in state court. We will not consider on appeal issues not raised in the district court. *See Hobbs*, 752 F.2d at 1083, *City of Waco v. Bridges*, 710 F.2d 220, 227 (5th Cir.1983), *cert. denied*, 465 U.S. 1066, 104 S.Ct. 1414, 79 L.Ed.2d 741 (1984); *In re Novack*, 639 F.2d 1274, 1276 (5th Cir.1981).

*Motion for Counsel on Appeal*

■ Hulsey has filed a motion in this Court for appointment of counsel on appeal. A civil rights complainant has no absolute right to the appointment of counsel. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir.1988); *Ulmer v. Chancellor*, 691

F.2d 209, 212 (5th Cir.1982). In fact, the appointment of counsel is unnecessary unless a case presents exceptional circumstances. *Ulmer*, 691 F.2d at 212–213.

Among the factors we must consider in deciding whether to appoint counsel are the complexity of the issues and the ability of Hulsey to represent himself adequately. *See id.* at 213. The facts and issues in this case are neither novel nor complicated. Moreover, Hulsey has demonstrated in his brief and pleadings that he is capable of adequately presenting his case. We therefore deny his motion for appointment of counsel.

### Conclusion

After carefully considering the issues raised by Hulsey on appeal, we find no error in the district court's dismissal of the State of Texas and grant of summary judgment for the other defendants. Viewing the record in the light most favorable to Hulsey, we find that he has failed to raise any genuine issue of material fact and that the defendants are entitled to a judgment as a matter of law.

The judgment of the district court is AFFIRMED.

The motion for appointment of counsel on appeal is DENIED.