Freddie R. EDWARDS, Plaintiff,

v.

**HARRIS COUNTY SHERIFF'S DEPART-
MENT, Johnny Klevenhagen, and Paul
A. Mader, Defendants.**

Civ. A. No. H–93–1566.

United States District Court,
S.D. Texas.

Oct. 13, 1994.

ˑFreddie R. Edwards, pro se.

Clyde Raymond Leuchtag, Bruce Stephen Powers, County Atty. Office, Harris County, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

### I. *Introduction.*

Pending before the court is Defendants Johnny Klevenhagen's and the Harris County Sheriff's Department's Motion to Dismiss (Docket Entry # 9). The defendants seek dismissal of Plaintiff Freddie R. Edwards' ("Edwards") complaint on the grounds that he fails to state a claim which would entitle him to relief. Also pending before the court is Defendant Paul A. Mader's Motion to Dismiss for Want of Prosecution (Docket Entry # 12). Having reviewed the pending motions, the pleadings, the submissions of the parties, and the applicable law, this court finds that the defendants' motions should be granted and Edwards' complaint should be dismissed.

### II. *Background.*

On May 1, 1993, Harris County Jail inmate Lonnie Williams ("Williams") approached Deputy Paul A. Mader ("Mader") in the Harris County Jail dayroom and requested a snack. According to Edwards, Mader responded by throwing apples at Williams. When the apples landed on the floor, which Edwards had just cleaned, Edwards became upset and demanded that Williams pick up the apples. Edwards' demand led to a fight

between the two inmates. Mader eventually stopped the fight and removed Edwards from the dayroom.

On May 26, 1993, Edwards filed suit against Harris County Sheriff Johnny Klevenhagen ("Klevenhagen"), the Harris County Sheriff's Department ("Department"), and Deputy Mader under 42 U.S.C. § 1983. In his complaint, Edwards asserts that his constitutional rights were violated because Mader initiated the fight between Edwards and Williams and later physically abused Edwards as punishment for fighting. Edwards claims that he has a partial hearing loss due to Williams thrusting his finger in his ear during the fight and a partial loss of eyesight because Williams gouged his eye during the fight and Mader repeated the action after the fight.

### III. *Analysis.*

#### A. *Failure to State a Claim.*

Klevenhagen and the Department claim that Edwards' complaint should be dismissed under FED.R.CIV.P. 12(b)(6) because Edwards fails to state a claim that would entitle him to relief.

##### 1. *Klevenhagen.*

Edwards' only allegation against Klevenhagen is that as Harris County Sheriff, he is the director and overseer of Mader's actions. Thus, Edwards seeks to hold Klevenhagen vicariously liable for his alleged injuries.

 It is well established that a sheriff may not be held liable under § 1983 on the basis of vicarious liability for the acts or omissions of his deputies. *Lozano v. Smith,* 718 F.2d 756, 758 (5th Cir.1983); *Reimer v. Smith,* 663 F.2d 1316, 1323 (5th Cir.1981); *Dean v. Gladney,* 621 F.2d 1331, 1334 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981); *Watson v. Interstate Fire & Cas. Co.,* 611 F.2d 120, 123 (5th Cir.1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir.1979). Although supervisory officials cannot be held liable solely on the basis of their employment relationship with the wrongdoer, they may be found liable when their own action or inaction, including a failure to supervise that amounts to deliberate indifference, is a proximate cause of the

constitutional violation. *Hinshaw v. Doffer,* 785 F.2d 1260, 1263 (5th Cir.1986). Thus, in order to hold a sheriff liable under § 1983, the sheriff must be personally involved in the acts which caused the injury or there must be a causal connection between the act of the sheriff and the constitutional violation to be redressed. *Lozano v. Smith,* 718 F.2d at 768; *Hinshaw v. Doffer,* 785 F.2d at 1263.

 Without personal involvement in the incident, a sheriff cannot be held liable under § 1983 unless the plaintiff can show that it was the sheriff's failure to train or supervise his deputies properly that caused the harm. *Id.* Usually, a failure to supervise gives rise to § 1983 liability only in those situations in which there is a history of widespread abuse. *Id.; Bowen v. Watkins,* 669 F.2d 979, 988 (5th Cir.1982). In widespread abuse cases, knowledge may be imputed to the supervisory official, and he can be found to have caused the constitutional violation because he failed to prevent it. *Hinshaw v. Doffer,* 785 F.2d at 1263; *Bowen v. Watkins,* 669 F.2d at 988. Thus, the plaintiff must show that: (1) the sheriff failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) such failure to supervise or train amounted to deliberate indifference. *See Hinshaw v. Doffer,* 785 F.2d at 1263; *see also Walton v. Alexander,* 20 F.3d 1350, 1355 (5th Cir.1994); *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 453 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994); *Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). One method of recovering under the failure to supervise or train rationale is to show that the sheriff failed to control the deputy's known propensity for the improper use of force. *Id.; Sims v. Adams,* 537 F.2d 829, 832 (5th Cir.1976); *see generally Chestnut v. City of Quincy,* 513 F.2d 91, 92 (5th Cir.1975).

 In the instant case, Edwards does not claim that Klevenhagen was personally involved in the alleged incident or that there is a causal connection between an act of Kle-

venhagen and the alleged constitutional deprivation. Edwards, likewise, does not claim that widespread abuse existed or that Klevenhagen knew of any tendency on the part of Mader to use improper force, such that Klevenhagen could have prevented the incident from occurring. Accordingly, this court is of the opinion that Klevenhagen's motion to dismiss should be granted.

### 2. *The Department.*

The Department moves to dismiss Edward's complaint on the ground that it is not a legal entity, and therefore, is not subject to suit. The court, however, need not reach that issue.

Edwards makes no specific allegations against the Department. Instead, he claims that Klevenhagen, as the official director of the Department, is vicariously liable for Mader's actions. Thus, the court assumes that Edwards is also seeking to hold the Department vicariously liable for his injuries.

■■■ A § 1983 claim against a municipality cannot be based on a theory of vicarious liability or the doctrine of *respondeat superior. Monell v. Department of Social Servs.,* 436 U.S. 658, 693, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3rd Cir.1993); *Nicholson v. Kent County Sheriff's Dep't,* 839 F.Supp. 508, 516 (W.D.Mich.1993). A municipality can only be found liable if it has a policy or custom of failing properly to hire and train its officers or if it encourages or permits its officers to engage in the use of excessive force. *Monell v. Department of Social Servs.,* 436 U.S. at 693, 98 S.Ct. at 2037; *Nicholson v. Kent County Sheriff's Dep't,* 839 F.Supp. at 516. There must also be a direct causal link between the policy, custom, or deficient training and the alleged constitutional violation. *Id.; Montgomery v. County of Clinton,* 743 F.Supp. 1253, 1257 (W.D.Mich.1990), *aff'd,* 940 F.2d 661 (6th Cir. 1991) (citing *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1202–03, 103 L.Ed.2d 412 (1989)). In *Nicholson v. Kent County Sheriff's Dep't,* the court applied this line of reasoning specifically to a sheriff's department. *See* 839 F.Supp. at 516. Thus, a sheriff's department may not be held liable under § 1983 absent a showing that its policy of improperly training or supervising its deputies directly caused the constitutional violation.

■■■ Edwards, however, does not allege that the Department maintained a policy or custom which proximately caused his injuries. Rather, Edwards merely includes the Department in his list of defendants without making further reference to the Department's policies or wrongful acts. Accordingly, the Department's motion to dismiss must be granted.

### B. *Want of Prosecution.*

Mader claims that Edwards' complaint should be dismissed for want of prosecution because Edwards has neglected this case for over a year and has failed to notify the court of his change of address.

■■■ Federal Rule of Civil Procedure 41(b) expressly authorizes a district court to dismiss a case for lack of prosecution. FED. R.CIV.P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *Estate of Solis–Rivera v. United States,* 993 F.2d 1, 2 (1st Cir.1993); *Hulsey v. State,* 929 F.2d 168, 171 (5th Cir. 1991); *Markwell v. County of Bexar,* 878 F.2d 899, 902 (5th Cir.1989). Courts are given the power to invoke this sanction to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts. *Link v. Wabash R.R. Co.,* 370 U.S. at 629, 82 S.Ct. at 1388. When considering whether to dismiss a case for lack of prosecution, a district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, the risk of prejudice to defendants from delay, and the policy favoring disposition of cases on their merits. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 651 (9th Cir.1991); *Citizens Util. Co. v. American Tel. & Tel. Co.,* 595 F.2d 1171, 1174 (9th Cir.1979), *cert. denied,* 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979). In close cases, a court also considers whether: (1) the plaintiff personally contributed to the delay; (2) the defendant was prejudiced as a result of the delay; and (3) the plaintiff

intentionally caused the delay. *Markwell v. County of Bexar,* 878 F.2d at 902; *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir.1985).

■ Only an "unreasonable" delay will support a dismissal for lack of prosecution. *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.1984), *cert. denied,* 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985); *Nealey v. Transportation Maritima Mexicana, S.A.,* 662 F.2d 1275, 1288 (9th Cir.1981); 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2370 (1971). A delay is unreasonable if there is a significant period of total inactivity by the plaintiff, the plaintiff fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or the plaintiff fails to obey court rules and court orders. *Ramsay v. Bailey,* 531 F.2d 706, 708 (5th Cir.1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *see also Murrah v. Fire Ins. Exch.,* 480 F.2d 613, 613 (5th Cir.1973). A delay is also unreasonable if the defendant is actually prejudiced by the delay. *Ash v. Cvetkov,* 739 F.2d at 496; *Citizens Util. Co. v. American Tel. & Tel. Co.,* 595 F.2d at 1174; *Alexander v. Pacific Maritime Ass'n,* 434 F.2d 281, 283 (9th Cir. 1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed.2d 545 (1971). The United States Court of Appeals for the Fifth Circuit has held a delay to be "unreasonable" when the plaintiff did not file any pleadings within a twenty-two month period. *Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir. 1980). Yet, an exact time period has not been established for determining when a delay is unreasonable; even a relatively brief period of delay is "sufficient to justify the district court's sending a litigant to the back of the line." *Ash v. Cvetkov,* 739 F.2d at 497.

■ A review of the record reveals that Edwards has not contacted this court for over fourteen months. The last document filed by Edwards was his "Definite Statement," filed July 20, 1993. Since that date, Edwards has not communicated with the court in any manner, including checking the status of his case or advising the court of his change of address. He also has not communicated with opposing counsel. Therefore,

Edwards has failed to meet his "obligation to press forward with the litigation." *Ash v. Cvetkov,* 739 F.2d at 496; *Citizens Util. Co. v. American Tel. & Tel. Co.,* 595 F.2d at 1174; *see also Harrelson v. United States,* 613 F.2d at 116.

■ Moreover, as of July 5, 1994, all mail sent to Edwards by the defendants and this court has been returned undeliverable. The envelope used to mail this court's order granting *in forma pauperis* status and ordering service of process on the defendants was returned to the Clerk's office on July 5, 1994, with red lines marked through the mailing address window and the word "released" written on the envelope. Local Rule 2(F) requires that all litigants keep the Clerk advised of their current address. S.D.TEX.R. 2(F). Edwards has not complied with this rule because he has not informed the court of his release from jail or his present address. The right of self-representation does not exempt Edwards from complying with the relevant rules of procedural and substantive law. *Hulsey v. State,* 929 F.2d at 171; *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981). Hence, Edwards has not only failed to prosecute his case expeditiously, he has also disregarded the local rules of this court.

■ Dismissal of a *pro se* litigant's action is proper when he engages in a clear pattern of delay or disregards a court rule or court order. *See Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991); *Hulsey v. Texas,* 929 F.2d at 171; *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988); *Holt v. Pitts,* 619 F.2d 558, 562 (6th Cir.1980). Dismissal is not proper, however, unless the delay is unreasonable. *Ash v. Cvetkov,* 739 F.2d at 496. The presence of actual prejudice is important in determining whether the delay is unreasonable. *Id.* Here, Edwards' total inaction for a fourteen month period and his disregard of the local rules of this court prejudices Mader, the remaining defendant in this action. Mader is unable to engage in discovery, as neither Mader nor this court is aware of any way to contact Edwards. As time passes, Mader will be increasingly prejudiced in presenting an adequate defense, as witnesses will become more difficult to locate

and those who can be located may lack sufficient memory to provide meaningful testimony. Thus, this court is of the opinion that Edwards has engaged in unreasonable delay in prosecuting this action. Moreover, when balancing Edwards' delay with the court's pressing caseload, the public interest, and the prejudice caused to Mader by the delay, this court finds that Edwards' case should be dismissed for want of prosecution.

## IV. *Conclusion.*

Edwards has failed to state a cognizable claim against Klevenhagen or the Department because they may not be held vicariously liable under § 1983 for Mader's actions. Accordingly, Klevenhagen's and the Department's motion to dismiss under Rule 12(b)(6) is GRANTED. Edwards' claims against Klevenhagen and the Department are dismissed with prejudice.

Moreover, this Court finds that Edwards has failed to meet his obligation of prosecuting his claim expeditiously. Accordingly, Mader's motion to dismiss for want of prosecution is GRANTED. Edwards' claims against Mader are dismissed without prejudice.