IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40906
Summary Calendar
_____

VICTOR CANTY,

Plaintiff-Appellant,

versus

B. WOODS ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-692
- - - - - - - - - -
April 3, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Victor Canty, Texas prisoner # 487409, has appealed the district court's dismissal of his civil rights action. Canty is seeking monetary damages upon his claims that the appellees, prison doctors and nurses and a health administrator, conspired to infect him with the Hepatitis C virus by pretending to test him for tuberculosis, and then concealed the fact of his illness from him for more than two years.

The district court found, based principally upon Canty's

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affidavits and the allegations of his complaint, that his action was barred by the two-year statute of limitations applicable to 42 U.S.C. § 1983 actions in Texas.  See Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).  We AFFIRM this ruling.

Canty asserts that his prison medical records presented at his hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), were not properly authenticated.  This is refuted by the notarized affidavits of the official custodians which accompany the copies of the records.  See Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).

Canty contends that he is entitled to relief on grounds that his medical records were not properly identified or entered into evidence at his Spears hearing.  He also contends that the district court improperly used these records to counter the allegations of his complaint and his hearing testimony, and that his hearing was unfair in other respects.

To determine whether these contentions have merit, this court would need a copy of the Spears hearing transcript, which Canty has failed to provide.  The magistrate judge denied his two motions for the transcript, but Canty did not appeal the rulings to the district court.  Accordingly, this court lacks jurisdiction to consider whether the magistrate judge's rulings were correct.  See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).  Moreover, Canty has not requested this court to order the transcript prepared at government expense.  Therefore, this appeal

is DISMISSED relative to the issues stated in the preceding paragraph.  See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990).

Canty's motion to correct his brief is GRANTED, but his motion for the appointment of counsel is DENIED as unnecessary. See Hulsey v. State of Texas, 929 F.2d 168, 172-73 (5th Cir. 1991).

AFFIRMED IN PART; DISMISSED IN PART; MOTION TO CORRECT BRIEF GRANTED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.