Douglas PRINTY, et al.

v.

**CROCHET & BOREL SERVICES.**

No. 1:99–CV–385.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 8, 2000.

Joseph Y. Ahmad, Ahmad & Zavitsanos, P.C., Houston, TX, for plaintiffs.

Jeff Robert Branick, Branick & Branick Law Firm, Port Arthur, TX, for defendant.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed on July 18, 2000, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge is **ADOPTED.** It is therefore

**ORDERED** and **ADJUDGED** that defendant's Motion for Summary Judgment is **DENIED.**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HINES, United States Magistrate Judge.

Douglas Printy and Joshua Sheppard (plaintiffs) sue Crochet & Borel Services, Inc., d/b/a C & B Services, Inc., (defendant) for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

This report addresses defendant's pending motion for summary judgment.[1]

---

1. This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of

## I. Nature of Suit

Plaintiffs are former employees of defendant. Plaintiffs allege that defendant failed to pay overtime wages. Plaintiffs further allege that when they complained about lack of overtime pay, defendant terminated them for false and pretextual reasons. Plaintiffs seek:

(1) Full payment of unpaid wages resulting from defendant's violations of the minimum wage and overtime provisions of FLSA;

(2) Lost wages and benefits, past and future, as a result of their wrongful termination;

(3) Compensatory damages for loss of self-worth, emotional distress, humiliation, and mental anguish, as a result of their wrongful termination;

(4) Liquidated damages pursuant to 29 U.S.C. § 216, due to defendant's willful FLSA violations;

(5) Exemplary damages; and

(6) Reasonable attorney's fees and costs, prejudgment and postjudgment interest.

(*See* Pls.' Orig.Comp. at 4.)

## II. Proceedings

Plaintiffs, proceeding through counsel, filed their original complaint on June 18, 1999. (*See* Docket No. 1.) Defendant appeared through counsel and filed a timely answer. (*See* Docket No. 4.) Thereafter, on September 22, 1999, defendant's counsel submitted discovery requests for admissions as allowed under Federal Rules of Civil Procedure and local rules of court. In effect, these requests asked plaintiffs to stipulate that the factual allegations in their complaint are untrue and that their lawsuit lacks merit.[2]

Plaintiffs failed to respond within thirty days as required under the federal rules.[3]

*After* this action was filed, but *before* defendant's requests for admissions were served, the State Bar of Texas administratively suspended the license of plaintiffs' original attorney, Joel D. Mallory, Esq., on September 15, 1999, for nonpayment of dues. (*See* Docket No. 19.) Mallory was reinstated for the practice of law on December 7, 1999. *See id.* Still, no responses to defendant's requests for admissions were forthcoming even six weeks after Mallory's reinstatement.

On January 28, 2000, defendant moved for summary judgment. *See* Section III., *infra*, at 4. Before a response to the motion was due, Mallory moved to withdraw as counsel for plaintiffs. (*See* Docket No. 20.) Mallory stated that "[t]here has been a complete breakdown of the attorney-client relationship." *Id.* After a hearing on February 25, 2000, Mallory's motion was granted.[4] (*See* Docket No. 26.) By separate order, the undersigned directed plaintiffs to appear by substitute counsel, or prosecute or dismiss the case *pro se*, not later than March 31, 2000. (*See* Docket No. 27.)

---

law. (*See* Docket No. 21); 28 U.S.C. § 636(b)(1)(B); Local Rules for the Assignment of Duties to United States Magistrate Judge.

**2.** Specifically, defendant requested plaintiffs to admit:

(1) Plaintiffs were properly paid wages due and owing in conformity with [FLSA] and all State and Federal Laws;

(2) That during their tenure of employment with Defendant[,] Plaintiffs did not work in excess of forty hours during any week of employment;

(3) That Plaintiffs were not terminated in violation of [FLSA];

(4) That Plaintiffs suffered no economic damage as a result of any purported violation of [FLSA];

(5) That Plaintiffs have not suffered any mental anguish as a result of any alleged violation of [FLSA] by Defendant; [and]

(6) That Plaintiffs were terminated from their employment with Defendant because of work related misconduct outlined in Request for Admission numbers 8 – 12.

**3.** Rule 36(a) provides:
The matter [of which an admission is requested] is admitted unless, within 30 days after service of the request … the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.…
FED.R.CIV P. 36(a).

**4.** Mallory did not appear as ordered, while defense counsel and plaintiffs appeared.

Plaintiffs promptly complied with the court's order, and on March 28, 2000, submitted a Notice of Appearance designating James A. Morris, Jr., Esq., as their substitute counsel. (*See* Docket No. 30.) However, before filing any pleadings, Morris also moved to withdraw, (*See* Docket No. 32.) Morris's April 7, 2000 motion averred a conflict of interest. Specifically, his law firm, Provost & Umphrey Law Firm, L.L.P., represented defendant in the past and has an ongoing relationship with defendant. *See id.*

After a hearing on April 20, 2000, the undersigned granted Morris's motion. (*See* Docket No. 36.) The very next day, plaintiffs submitted another Notice of Appearance identifying Joseph Y. Ahmad, Esq., as their new counsel. (*See* Docket No. 37.)

Mr. Ahmad filed plaintiffs' unopposed motion to extend the deadline for responding to defendant's motion for summary judgment. (*See* Docket No. 39.) The court granted the motion, and ordered plaintiffs to respond on or before May 17, 2000. (*See* Docket No. 42.) On May 17, 2000, plaintiffs responded to defendant's motion.

### III. Motion for Summary Judgment and Response

Defendant's motion contains proof that (1) plaintiffs' original attorney received defendant's requests for admissions on September 27, 1999, and (2) no responses to the request were ever served on defendant. Accordingly, the motion argues, the matters of which admissions were sought are deemed admitted by operation of law. The default admissions establish that defendant committed no violations of law, that plaintiffs received all compensation due, that they suffered no damage, and that they were terminated for legitimate work-related reasons. Thus, defendant asserts that no genuine issues of material fact exist, and defendant is entitled to judgment as a matter of law.

Plaintiffs' response avers that their original attorney, Mallory, did not "adequately"

consult with them regarding responses due to defendant's admission requests, and further failed to serve answers on defendant after receiving relevant information from plaintiffs. Plaintiffs further argue that good cause exists to permit them to submit late responses. Finally, plaintiffs attached proposed responses wherein they deny each of the six requests enumerated in note 2. *See* Section II, *supra,* at 2.

### IV. Discussion and Analysis

#### A. Requests for Admission

Rule 36(a) of the Federal Rules of Civil Procedure permits a party to send a written request for the admission, for purposes of the pending action only, to the other party. The purpose of Rule 36 is to "establish admission of facts about which there is no real dispute." 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 36.02[1] (3d ed.2000). If a party who has been served with a request for admission fails to respond within thirty days after service of the request, the requested matter is deemed admitted. *See* FED.R.CIV.P. 36(a). Indeed, the rule further provides:

> **(b) Effect of Admission.** Any matter admitted under this rule is ***conclusively established*** unless the court on motion permits withdrawal or amendment of the admission.

FED.R.CIV.P. 36(b) (emphasis supplied).

Interpretive jurisprudence establishes that two requirements must be met before an admission may be withdrawn or amended under Rule 36(b): (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *See id.; American Automobile Assoc. v. AAA Legal Clinic of Jefferson Crooke,* 930 F.2d 1117, 1119 (5th Cir.1991); *see also Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995).[5]

5. The jurisprudence is consistent with a plain reading of Rule 36(b) which provides in pertinent part:

[T]he court may permit withdrawal or amendment [of a default admission] when *presentation of the merits of the action will be subserved thereby* and the party who obtained the admission fails to satisfy the court that *withdrawal or amendment will prejudice that party* in maintaining the action or defense on the merits. FED.R.CIV.P. 36(b) (emphasis supplied).

## B. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a party moving for summary judgment is entitled to the relief sought "if the pleadings, depositions, answers to interrogatories, and *admissions on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c) (emphasis added). Succinctly, summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As is self-evident from the emphasized language of Rule 56 quoted above, admissions may provide the basis for summary judgment. *See Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985). Thus, when no genuine issues of material fact exist, the court may grant a motion for summary judgment based on an admission. *See Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir.1991).

### C. Application

Plaintiffs unquestionably failed to serve on defendant written answers or objections to defendant's request for admissions within thirty days as required under Rule 36(a). Their default answers thus "conclusively establish" facts fatal to their claims, and summary judgment for defendant is compelled unless the court permits withdrawal or amendment of their default answers.

Plaintiffs did not proffer denials of defendant's requests for admission until almost seven months after their responses were due. Even then, plaintiffs did not seek to "amend" or "withdraw" their default admissions. Rather, their third counsel argued—without filing a formal motion to such effect—that they should receive permission to file "late" responses. This form of relief is not specifically authorized under the governing rules of civil procedure.

Under these circumstances, the court has discretion to deny plaintiffs' request, an action that inevitably would result in entry of summary judgment. However, several mitigating facts and prophylactic legal doctrines suggest that the exercise of sound discretion points the court in a different direction.

First, there is no intimation that plaintiffs' default in responding to defendant's requests for admissions was attributable to their individual inaction, contumacy, or failure to cooperate in discovery. Their original counsel, at the time the responses were due, was administratively suspended from practicing law. That counsel ultimately failed to appear in support of his own motion to withdraw. This evidence corroborates plaintiffs' contentions that original counsel was inattentive and did not inform them adequately of their duty to respond to the requests within thirty days, and that their original counsel further failed to file responses once plaintiffs provided the relevant information.

Second, plaintiffs otherwise have acted responsibly and timely throughout this matter. They have appeared at all court hearings as directed. Twice, they have obtained substitute counsel within the time allowed by the court. Their conduct simply is inconsistent with the notion that they intentionally defaulted or exhibited deliberate indifference to the prosecution of their case. To penalize plaintiffs for their counsel's dereliction would be inappropriately harsh.

Third, summary judgment is an extreme and drastic measure which courts should use sparingly and only in the clearest of cases. *See Murrell v. Bennett,* 615 F.2d 306, 309 (5th Cir.1980). This doctrine is especially applicable to motions for summary judgment based on admissions established by default. *See* MOORE ET AL., *supra,* § 36.03[4]. "The party against whom a motion for summary judgment is directed on the basis of an admission or on the basis of a matter deemed admitted may be allowed extra time to respond to a request, or to withdraw or amend an admission." *Id.*

Finally, the court's discretion is not fettered by plaintiffs' third counsel's failure to observe the literal language of Rule 36(b)

and formally request permission to amend or withdraw plaintiffs' default admissions. "The federal rules are designed to discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a party his day in court because of technical deficiencies." 4 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1029 (2d ed.1987); *see* FED.R.CIV.P. 1 (stating that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Rule 8(f) explicitly requires the court to construe all pleadings so "as to do substantial justice." FED.R.CIV.P. 8(f). Indeed, even Professor Moore in the preceding paragraph assumes that Rule 36(b)'s grant of authority to the district court to permit "withdrawal" or "amendment" of a default answer to a request for admission encompasses related relief of "extra time to respond," exactly as requested by plaintiffs here. *See* MOORE ET AL., *supra*, § 36.03[4].

As earlier noted, the court's decision whether to permit amendment or withdrawal of default answers to requests for admission ultimately depends on whether (1) such action would subserve presentation of the merits, and (2) defendant has shown it would be prejudiced in maintaining its defense on the merits. The appropriate answer to the first inquiry is obvious: The requests at issue here were not designed to *narrow* factual issues for trial; they were intended to *eliminate* all issues for trial. In effect, they asked plaintiffs to make unlikely admissions that their lawsuit was without factual or legal support. Allowing plaintiffs to withdraw their default admissions on the ultimate issues in the lawsuit clearly will subserve trial on the merits.

The right answer to the second inquiry is equally apparent. Simply put, defendant has made no showing whatsoever that it will be prejudiced in maintaining its defense should the court allow plaintiffs to withdraw or amend their default answers to defendant's requests for admissions.

If the court allows plaintiffs to withdraw their default answers and substitute denials, genuine issues of material fact will exist rendering summary judgment improper.

## V. Recommendations

1. The court should construe plaintiffs' response to defendant's motion for summary judgment as a request to withdraw or amend plaintiffs' default admissions to the six requests for admissions quoted above in note 2.

2. The court should grant plaintiffs' request to withdraw or amend plaintiffs' default admissions to the six requests quoted above in note 2, and allow them to substitute answers as proposed in Exhibits 1 and 2 of plaintiffs' response to the motion for summary judgment.

3. The court should thereupon deny defendant's motion for summary judgment.

## VI. Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R.CIV.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

July 18, 2000.