IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-41090
Summary Calendar

JERMAINE DEMOND NORMAN

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-403

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jermaine Demond Norman, Texas prisoner # 1160833, appeals the district court's order granting the defendant Texas Department of Criminal Justice's (TDCJ) motion for summary judgment and dismissing Norman's complaint against TDCJ asserting claims for damages under the American with Disabilities Act (ADA) and the Rehabilitation Act (RA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 1987, the Social Security Administration classified Norman as disabled due to psychotic disorders. In 2004, Norman was injured when he tripped on a crack at the prison basketball court in Tennessee Colony, Texas. Through a committee created by the state legislature, the TDCJ contracts out its medical services to the University of Texas Medical Branch and the Texas Tech University Health Sciences Center. Allegedly due to a delay in medical treatment, Norman suffered permanent nerve damage to his leg. Approximately four and a half months after the initial injury, Norman underwent surgery on his leg. Norman was required to use crutches thereafter, and he claims that he was further endangered when he was forced to maintain his crutches within narrow designated traffic lanes painted in the prison hallways. Additionally, some of Norman's personal property was destroyed after prison officials refused to grant him a "medical box," which would have allowed him to store his personal items at ground level, in lieu of a standard-issue "property box," which Norman claims was too high for him to reach with his injured leg. Norman asserts that these were discriminatory acts leveled against him due to his mental and physical disabilities.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted). The burden then shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075. "A plaintiff asserting a private cause of action

for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination." Delano-Pyle v. Victoria County, Texas, 302 F.3d 567, 574 (5th Cir. 2002).

Norman argues that the district court erred in finding that the TDCJ was not responsible for the health care provided by university employees. The affidavit of Dr. Kelley provided by the TDCJ in support of its motion for summary judgment reflected that the medical employees acted as independent contractors, that TDCJ was not responsible for the daily medical operations at the prison, and that neither the TDCJ nor any of its employees had any supervisory or enforcement authority over the university health care staff. Norman has not provided any evidence to rebut that statement. However, even assuming arguendo that the TDCJ was responsible for the acts of the university medical staff, Norman has not provided any evidence showing that the alleged delay in his medical care and the denial of a medical property box was the result of intentional discrimination based on his mental or physical disability. Thus, Norman has failed to show that he is entitled to relief for the acts and omissions of the university employees under the ADA or the RA. See 42 U.S.C. § 12101(b)(1); 29 U.S.C. § 794.

Norman also argues that the TDCJ is liable under the ADA and RA because it failed to maintain the basketball court on which Norman was injured. Public entities are required to "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities." 28 C.F.R. § 35.133. Norman has not provided any authority showing that a basketball court is a required facility that must be readily accessible to disabled persons.

Furthermore, Norman has not shown that the TDCJ failed to maintain the condition of the basketball court because the TDCJ intentionally discriminated against mentally disabled inmates who would be using the court. Nor has Norman provided evidence of disparate treatment by showing that non-

disabled inmates had access to a properly maintained basketball court. The district court did not err in granting the TDCJ's motion for summary judgment on this claim.

Norman argues that the lines painted in the hallway of the prison to designate traffic paths reflect retaliation against disabled inmates. The TDCJ provided an affidavit explaining the reason for the creation of the traffic path and also stating that accommodations had been made for disabled inmates using crutches and other devices. Norman has not rebutted this evidence and has not produced any specific evidence showing that the lines are drawn for discriminatory purposes or as form of retaliation against disabled inmates. The district court did not err in granting the TDCJ's motion for summary judgment on this claim.

Norman also contends that the Parole Division of the TDCJ and the Board of Pardons and Parole are one entity and, thus, the TDCJ is responsible for the Board's alleged incorrect assessment of Norman's parole eligibility. The Texas Board of Pardons and Parole is a separate entity from the Parole Division of the Texas Department of Corrections, and each entity has different responsibilities under the Government Code. TEX. GOVT. CODE ANN. § 491.001. The Board of Pardons and Parole is responsible for determining which inmates are to be released on parole or mandatory supervision. TEX. GOVT. CODE. ANN. § 508.0441(a)(1). The Pardons and Parole Division of the TDCJ is a different entity that is responsible for supervising and reintegrating felons into society. TEX. GOVT. CODE ANN. § 493.005. Because neither the TDCJ nor its parole division has any responsibility for determining an inmate's parole or mandatory supervision eligibility or his right to be released, Norman has no cause of action against the TDCJ for any parole or mandatory supervision release decisions.

Furthermore, Norman filed documents with his pleadings that reflect that the Board of Parole's decision on his parole eligibility had no connection to his disability. The Notice of Parole Decisions filed by Norman with his complaint

shows that he was denied parole on two occasions because of his prior criminal history, his criminal gang activity, and his acts of violence and use of a weapon. Norman has not come forth with any evidence showing that he was denied parole based on his mental or physical disability. The district court properly dismissed this claim as frivolous. 28 U.S.C. § 1915A(b)(1).

Norman challenges the constitutionality of TEX. GOVT. CODE ANN. § 508.149, which addresses the ineligibility of certain inmates for mandatory supervision release. The proper party defendant is the party responsible for enforcing the law. Motor Vehicle Bd. of Tex. Dept. of Transp. v. El Paso Indep. Auto. Dealers Ass'n, 37 S.W.3d 538, 541-42 (Tex.App.–El Paso 2001). As previously stated, the TDCJ is not responsible for determining whether a prisoner is eligible for release. Again, Norman has not sued the proper party. The district court properly granted summary judgment on this claim.

Norman argues that the district court erred in granting the TDCJ absolute immunity. The district court acknowledged that, under United States v. Georgia, 126 S.Ct. 877, 881-82 (2006), the TDCJ has no sovereign immunity from the ADA and the RA claims. Thus, this argument has no merit.

Norman makes a conclusory argument that the judgment should be reversed because the magistrate and the district court judge were biased and should have been disqualified under 28 U.S.C. § 455. However, other than his displeasure with the judges' rulings, Norman provides no facts to substantiate this argument. Adverse judicial rulings alone, however, almost never support an allegation of bias under 28 U.S.C. § 455. See Liteky v. United States, 114 S. Ct. 1147, 1157 (1994). Norman has not demonstrated that he was subject to judicial bias.

Norman repeatedly claimed in the district court that prison officials retaliated against him because he filed grievances against prison personnel. Public officials are prohibited from retaliating against individuals who have filed discrimination claims under the ADA. 28 C.F.R. § 35.134. The alleged

acts of retaliation include taking his typewriter, his legal materials, and his medically issued walking cane, and denying him a medical storage box. He has not come forth with any evidence showing that these acts were committed in retaliation for the grievances he filed claiming discrimination due to his mental or physical disability. Thus, the district court did not err in granting the TDCJ's motion for summary judgment and dismissing the retaliation claim.

Norman argues that it was determined at the Spears[1] hearing that he had stated a cause of action of intentional and willful discrimination based on a disability. He is apparently asserting that this determination is sufficient to allow him to proceed with his claims in the district court. However, the mere fact that the magistrate judge determined that Norman stated an arguable claim under the ADA and the RA does not show that the district court erred in granting the TDCJ's summary judgment based on the evidence that the TDCJ presented in support of its motion. Norman failed to come forth with any specific facts showing that the defendant intentionally discriminated against him based on his disability. FED. R. CIV. P. 56(e). Thus, Norman failed to show that there was a genuine issue for trial on his claims under the ADA or the RA.

Norman argues that he was entitled to the appointment of counsel and to attorney's fees pursuant to 28 C.F.R. § 35.175. This regulation provides that a prevailing party in an ADA action may be entitled to recover attorney's fees and litigation costs. However, the regulation does not state that all individuals seeking relief under the ADA are entitled to appointed counsel. The district court determined that Norman was not entitled to relief under the ADA and, thus, he is not a prevailing party within the meaning of the regulation. Norman has not shown that he was entitled to the appointment of counsel or fees under this provision.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

The district court did not err in granting the TDCJ's motion for summary judgment and in dismissing Norman's claim concerning parole pursuant to § 1915A(b)(1).

AFFIRMED.