# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2015

Lyle W. Cayce
Clerk

EDWARD AVILA,

Plaintiff–Appellant,

v.

COUNTY OF HILDAGO, TEXAS,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CV-17

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM: [*]

Edward Avila brought this lawsuit against Hildalgo County alleging multiple employment-related claims. The magistrate judge's report and recommendation recommended the case be dismissed and the district court adopted the report and recommendation of the magistrate judge and dismissed the case. Avila appealed. Because, after review of the briefs, the record, and

---

[*] Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Cir. R. 47.5.4.

No. 14-41231

the relevant case law, we agree with the district court that Avila fails to state a claim upon which relief can be granted, we AFFIRM.

Even under the deferential approach due a pro se litigant, Avila's claims still fail. [1] As a private citizen, Avila does not have standing to bring criminal claims against Hildalgo County. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Moreover, all of his employment-related claims are precluded by the applicable statutes of limitations. Further, Avila has not established facts to show he was terminated or discriminated against as a result of a "policy, custom or practice" of Hildago County, which is required to establish the county's liability. *Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011). Combined, Avila's briefs and pleadings below do not contain "enough factual matter" to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). The district court granted Avila three extensions of time to respond to Hidalgo County's motions to dismiss and to find counsel. He did not do so.

The district court's order dismissing the case is AFFIRMED.[2]

---

[1] *Hulsey v. Texas*, 929 F.2d 168, 170–71 (5th Cir. 1991) (discussing how pro se litigants are due leniency by the court).

[2] We also DENY Avila's motion to appoint counsel under the Americans with Disabilities Act. Avila is not entitled to counsel under the Americans with Disabilities Act. *See Norman v. Tex. Dep't of Criminal Justice*, 293 F. App'x 285, 290 (5th Cir. 2008) (unpublished); *see also O'Grady v. Zurich Holding Co. of Am.*, 12 F. App'x 96, 98 (4th Cir. 2001) (unpublished).