# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2022

Lyle W. Cayce
Clerk

No. 21-60467
Summary Calendar

CHRISTY POON-ATKINS,

*Plaintiff—Appellant*,

*versus*

SAMMY M. SAPPINGTON; WAL-MART STORES EAST, L.P.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-269

Before SMITH, STEWART, and GRAVES, *Circuit Judges..*

PER CURIAM:*

Plaintiff Christy Poon-Atkins filed this lawsuit on April 19, 2019, to recover for a motor vehicle accident at the intersection of Grants Ferry Road, Highway 471, and the entrance of Ambiance subdivision in Brandon, Mississippi. Her vehicle was struck by a car driven by defendant Sammy M.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Sappington, who at the time was a Wal-Mart employee. Plaintiff asserts claims for negligence, negligence per se, and negligent infliction of emotional distress against Sappington and Wal-Mart.

Defendants later issued interrogatories, requests for admissions, and requests for documents to the plaintiff, but she failed to timely respond. Plaintiff's counsel then withdrew, and plaintiff notified the district court that she would proceed pro se. The defendants re-sent their discovery requests on March 27, 2020. In their requests for admissions, defendants asked plaintiff to admit that: (i) she "failed to yield the right-of-way to . . . Defendant Sappington;" (ii) "Sappington [was] not at fault for the subject accident"; and (ii) she is not entitled to any damages or recovery whatsoever as a result of the allegations in the Complaint." Plaintiff never responded to these discovery requests. A year after plaintiff's response was due, the defendants moved for summary judgment, asserting that plaintiff's failure to respond to the requests for admissions deems all requests admitted.

The district court granted summary judgment. Although the district court expressed "symapth[y]" for plaintiff as a pro se litigant, it held that Federal Rule of Civil Procedure 36 "unambiguously" requires dismissal for plaintiff's failure to respond the defendants' admissions requests. Plaintiff timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

"We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Pierce v. Dep't of the Air Force*, 512 F.3d 184, 186 (5th Cir. 2007) (citation omitted). "Questions of law are reviewed de novo." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009) (citation omitted). "[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted).

Rule 36 governs requests for admissions; it allows parties to serve written requests for admissions to opposing parties. A matter admitted under rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Rule 36 gives parties thirty days to respond to a request for admission, and the rule provides that an untimely response is deemed an admission. *See* FED. R. CIV. PROC. 36(a)(3). Courts have long recognized that summary judgment is proper where a party fails to respond to Rule 36 admissions requests on material facts. *E.g.*, *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Rule 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. FED. R. CIV. PROC. 56(c). A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage. *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001). Instead, the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to rule 36 requests for admissions is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in rule 36(b). *Id.*

Plaintiff Poon-Atkins did not respond to the requests for admissions at any time during the litigation below, much less within thirty days after they were served. She likewise did not move to withdraw or otherwise amend the deemed admissions, which went to the heart of her claims against both defendants. And when defendants moved for summary judgment on these grounds, Poon-Atkins did not argue that her failure to respond resulted from oversight; did not dispute having received the requests; did not seek to withdraw her deemed admissions; and did not immediately respond to

defendants' requests. Instead, she contends that contrary evidence—namely a police report—rebuts her admission. But rule 36 admissions "are conclusive as to the matters admitted, [and] they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d at 420. Poon-Atkins' failure to respond to the defendants' requests for admissions means that the matters are deemed admitted. Those deemed admissions thus conclusively established that she failed to yield the right-of-way to Sappington, and that her "negligence was the sole, proximate cause of the subject accident." With those admissions, Poon-Atkins could not prove the essential elements of any of her claims, and thus there was no genuine dispute that the defendants were entitled to summary judgment.

We have applied rule 36(b) equally and consistently to represented and pro se parties alike, and we have refused to overlook a party's disregard for deadlines regardless of that party's status. *E.g.*, *Hill v. Breazeale*, 197 F. App'x 331, 337 (5th Cir. 2006) ("The requests for admissions that [the pro se plaintiff] failed to timely respond to concerned essential issues of his claim. These deemed admissions conclusively establish that the defendants engaged in no [wrongdoing]."); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted). (noting that a pro se party "acquires no greater rights than a litigant represented by lawyer," and instead "acquiesces in and subjects [her]self to the established rules of practice and procedure"). We AFFIRM the judgment below.