**Brenda BATISTE**

v.

**CITY OF BEAUMONT, City of Beaumont Police Department, Tom Scoefield, Paul Perrit, Ray E. Beck, and Darlene Wisby**

No. 1:05–CV–109.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 10, 2005.

Langston Scott Adams, Attorney at Law, Port Arthur, TX, Terrence Leon Holmes, Attorney at Law, Beaumont, TX, for Brenda Batiste.

Joseph P. Sanders, Assistant City Attorney, Frank David Calvert, Spain Calvert & Eaves, Beaumont, TX, for City of Beaumont, City of Beaumont Police Department, Tom Scoefield, Paul Perrit, Ray E. Beck, and Darlene Wisby.

## MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

CLARK, District Judge.

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court, and particularly Gen. Order 04–07. The magistrate judge submitted three reports addressing the respective defendants' joint motion to dismiss, or, alternatively, to require a more definite statement under Rule 7, Federal Rules of Civil Procedure. The magistrate judge recommends granting the motion in part and denying it in part.

No objections to any of the three reports has been received or filed. Further, upon review of the reports, the court concurs with the magistrate judge's analysis in each report. Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, the reports of the magistrate judge (Docket Nos. 19—21) are **ADOPTED.**

By separate order, the court will implement the recommendations submitted by the magistrate judge.

So **ORDERED** and **SIGNED.**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States magistrate judge for pretrial proceedings. The referral order directs the magistrate judge to hear and determine matters within his dispositive authority, and to submit a report containing proposed findings of fact, conclusions of law, and a recommended disposition of other matters. Bmt. Gen. Order 04–07 at ¶ 2.

All defendants move for dismissal or, alternatively, for a more definite statement or Rule 7 reply. Determination of these motions is a complex exercise because requirements for stating a claim upon which relief can be granted, or, alternatively, for pleading with sufficient clarity that the sued party can frame a responsive pleading, vary significantly depending on each defendant's status. Thus, if a single report were to address every defendant's motion, the result would be a massive, unwieldy and brain-deadening document. For analytical simplicity, this report deals only with the motion of three of the defendants who are similarly situated. Subsequent reports will target the motions of the remaining defendants.

### I. NATURE OF SUIT; PARTIES

This action was filed originally in the 172nd Judicial District Court of Jefferson County, Texas. It was removed to federal court on the basis of federal question jurisdiction. Plaintiff alleges three causes of action: (1) negligence under the Texas Tort Claims Act; (2) violation of federal

civil rights under Title 42, United States Code, Section 1983 ("Section 1983"), and (3) conspiracy to interfere with federal civil rights under Title 42, United States Code, Section 1985(2) and (3)("Section 1985").

Plaintiff is Brenda Batiste, a resident of Beaumont, Texas. Defendants are the City of Beaumont, Texas, the City of Beaumont Police Department, the Beaumont Chief of Police, Tom Scoefield (sic),[1] and three police officers, Paul Perrit, Ray E. Beck and Darlene Wisby. All defendants are located and reside in Jefferson County, Texas.

## II. BACKGROUND

Plaintiff's state court petition contains scarce factual allegations regarding circumstances giving rise to this action. A fair reading suggests that Beaumont police officers encountered plaintiff on June 22, 2004, during a keeping-the-peace incident.[2] At some point, plaintiff was handcuffed, restrained and transported to a mental health medical center, Spindletop MHMR. Plaintiff alleges that officers Perrit, Beck and Wisby struck, kicked and dragged her. On more than one occasion, the officers used a taser gun.[3] At the medical center, plaintiff alleges that a female officer, presumably Wisby, restrained her on the floor by sitting on her, while an unidentified officer pressed a finger into her throat.

## III. CLAIMS

Plaintiff asserts that defendants Perritt, Beck and Wisby are liable under the Texas Tort Claims Act because they were negligent in misusing their taser guns and handcuffs. Plaintiff also pleads negligence per se, but does not cite a statute imposing a specific duty of care. Finally, plaintiff invokes the common-law tort doctrine of respondeat superior, presumably to impose vicarious liability on the city and its police department.

Under Section 1983,[4] plaintiff asserts that defendants Perritt, Beck and Wisby acted under color of state law as employees of the Beaumont Police Department, and at the direction of Tom Scofield. Collectively, they allegedly violated a laundry list of unspecified constitutional rights. Plaintiff's list, reprinted verbatim in the note,[5] is re-characterized for meaningful analysis as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....
>
> 42 U.S.C. § 1983.

1. The court may take administrative notice that the correct spelling of the Beaumont Chief of Police's surname is "Scofield."

2. This assumption is based on the fact that after plaintiff was taken into custody, she was taken to a mental health facility instead of booked into jail on criminal charges.

3. Courts define "taser guns" as "conducted energy weapons" that use propelled wire to channel energy to a remote target, thereby controlling and overriding the body's central nervous system. Draper v. Reynolds, 369 F.3d 1270, 1273 n. 3 (11th Cir.2004). A taser gun can fire two probes up to 21 feet, which are connected to the hand-held taser gun via high-voltage, insulated wire. Id. When the probes touch the target, the taser gun transmits electrical pulses along the wires and into the body of the target. Id.

4. Section 1983 creates a private right of action for constitutional violations:

5. Pl's Pet. at ¶ 35:
 1. Freedom of speech and press;
 2. Peaceable assembly and association;
 3. Petition the government for redress of grievances;
 4. Freedom from illegal seizure of her person, papers, and effects;
 5. Freedom from unlawful arrest;
 6. Freedom from illegal detention and imprisonment;

| Constitution Section | Right Allegedly Violated |
|---|---|
| FIRST AMENDMENT | • Freedom of speech and press;<br>• Peaceable assembly and association;<br>• Petition government for redress of grievances; |
| FOURTH AMENDMENT | • Freedom from illegal seizure of person, papers, and effects;<br>• Freedom from unlawful arrest;<br>• Freedom from illegal detention and imprisonment; |
| SIXTH AMENDMENT | • Timely and effective assistance and advice of counsel; |
| FOURTEENTH AMENDMENT (due process) | • Freedom from physical abuse, coercion, and intimidation; |
| FOURTEENTH AMENDMENT (equal protection) | • Participate in or enjoy any benefit or service provided by the federal or state government. |

For her causes of action under Section 1985, plaintiff avers no specific facts. She simply tracks language of the statute and avers that defendants violated 42 U.S.C. § 1985(2).[6] Plaintiff contends that defendants *"did conspire and agree between themselves and with the other person or persons, whose names are presently unknown to plaintiffs, for the purpose of impeding, hindering, obstructing, or defeating the due course."* Pl.'s Pet. at ¶ 37. Plaintiff also alleges that defendants violated Section 1985(3)[7] by denying her equal protection of the law due to her race, because they injured plaintiff and deprived her of *"having and exercising her rights and privileges under the Constitution and laws of the State of Texas."* Pl.'s Pet. at ¶ 38.

7. Freedom from physical abuse, coercion and intimidation;
8. The timely and effective assistance and advice of counsel;
9. Participate in or enjoy any benefit or service provided by the federal or state government.

**6.** Section 1985(2) creates a private right of action for conspiracy to interfere with civil rights:

(2) Obstructing justice; intimidating party, witness, or juror.
... [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.
42 U.S.C. § 1985. ·

7. Section 1985(3) creates a private right of action for conspiracy to interfere with civil rights:

(3) Depriving persons of rights or privileges.
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... [then] the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985.

## IV. DEFENDANTS' MOTION

Defendants argue that plaintiff cannot maintain a cause of action under the Texas Tort Claims Act against the *individual* defendants because Texas law precludes Tort Claims Act suits against individual employees of governmental units when a plaintiff files suit against the governmental unit. Defendants rely on Texas Civ. Prac. & Rem.Code Ann. § 101.106(a), (e) (Vernon Supp.2004) as support for their contention that dismissal of the negligence-based cause of action against defendants Scofield, Perrit, Beck, and Wisby is proper.

Defendants argue that plaintiff's civil rights claims under Sections 1983 and 1985 should be dismissed because plaintiff's factual averments do not overcome their defense of qualified immunity. Additionally, defendants contend these claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff asserts only conclusory allegations.

Unfortunately, plaintiff's response—filed after the court first granted two extensions of time within which to respond—does not address any of defendants' arguments directly. Rather, it consists of general platitudes about rules of pleading (e.g., pleadings construed liberally; complaints need only provide short and concise statement of facts; orders requiring more definite statements disfavored, etc.). Specifically, plaintiff does not address (1) defendants' contention that the Texas Tort Claims Act bar against suits against the government entity and its employees, (2) defendants' contention that civil rights plaintiffs must plead facts sufficient to overcome qualified immunity, or (3) defendants' argument that the civil rights complaints fail to state a claim when they contain only conclusory allegations.

## IV. PRINCIPLES OF ANALYSIS

### A. Texas Civil Practice & Remedies Code § 101.106

The Texas Tort Claims Act requires plaintiffs to choose between suing either a governmental entity or a governmental employee. Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a) (Vernon Supp.2004). The provision, applicable to suits brought after September 1, 2003, provides:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

*Id.* The statute provides for enforcement by way of dismissing governmental employees from suit:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

*Id.* § 101.106(e).

### B. Rule 12(b)(6), Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) allows dismissal when the complaining party fails "to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). On a Rule 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Dismissal is proper only if there is either: (1) "the lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pa-*

cifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988). "Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). Moreover, well-pleaded facts must be reviewed in the light most favorable to plaintiff. *See Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *See Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *See Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992).

■ Courts consider 12(b)(6) motions very seriously, and defendants must establish that the plaintiff cannot prove facts that would allow them relief. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46. "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum*, 677 F.2d at 1050. However, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995) (cit-

ing 2A *Moore's Federal Practice* (2d ed.1992) § 12.07 [2.–5] at 12–91).

## C. Qualified Immunity

■ Even when official conduct violates a federal right, public actors may be shielded from liability and from suit by the doctrine of qualified immunity. This judicially-crafted doctrine is based on a common-sense, public policy notion that government officials should be protected from civil liability when performing duties within their discretionary authority. *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Fifth Circuit recently reiterated the underlying public policy rationale as follows:

> Society bears the cost of unfounded lawsuits in 'the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office.' There is also the 'danger' that 'fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in unflinching discharge of their duties.'

*Kinney v. Weaver*, 367 F.3d 337, 384 (5th Cir.2004) (quoting *Harlow*, 457 U.S. at 814). As the doctrine exists today, qualified immunity shields state officials from personal suits for acts in their official capacity *insofar as their conduct does not violate clearly established rights of which a reasonable person would have known.* *Harlow*, 457 U.S. at 818.

Courts apply a two-part test to decide when qualified immunity protects an individual defendant. First, the court determines whether the plaintiff has alleged a violation of a clearly established constitutional or other federally protected right. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Idoux v. Lamar Univ. Sys.*, 828 F.Supp. 1252 (E.D.Tex.1993). If so, the court evaluates

whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. If, *after considering the evidence in the light most favorable to the plaintiff,* the court answers either inquiry in the negative, the defendant is entitled to qualified immunity. See *Stidham v. Texas Comm'n on Private Security,* 418 F.3d 486, 493 (5th Cir. July 22, 2005); *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 755 (5th Cir.2001).

The concept of conduct objectively unreasonable in light of clearly established law is difficult to grasp. One simple and practical definition is that conduct is objectively unreasonable when clearly-established law puts an officer on notice that his conduct is unlawful. See *Saucier v. Katz,* 533 U.S. 194, 201–202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

### D. Rule 7, Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 7(a) provides that "the court may order a reply to an answer or a third-party answer." Courts may order such a "Rule 7 reply" when "an additional pleading by the plaintiff may be helpful to the defendant in laying the groundwork for a motion to test the sufficiency of the claim." *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1185 at 23). Although Fed.R.Civ.P. 8(e)(1) demands only that "[e]ach averment of a pleading shall be simple, concise, and direct" the Fifth Circuit does not read Fed.R.Civ.P. 8(e)(1) as a limitation on the content of a Rule 7 reply. *Schultea,* 47 F.3d at 1433.

*Schultea* specifically held that plaintiffs who file claims under 42 U.S.C. § 1983 against individual defendants entitled to qualified immunity must allege sufficient facts to raise a Section 1983 claim, and also assert facts that can overcome the immunity defense:

> *First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity.*

*Schultea,* 47 F.3d at 1433–34. Moreover, *Schultea,* states that in order to vindicate the defense of qualified immunity, *a Rule 7 reply ordinarily will be required.* The court's discretion not to order such a reply is "narrow indeed" when a reply would be of assistance in resolving the issue of qualified immunity. *Schultea,* 47 F.3d at 1434.

 Overall, when a plaintiff sues a defendant in a § 1983 action, the plaintiff must allege particular facts forming the basis of his or her claim, *including those preventing the defendant from maintaining a qualified immunity defense.* To overcome the immunity defense, the complaint must first assert facts that, if proven, would demonstrate that the defendants violated clearly established statutory or constitutional rights. *Wicks v. Mississippi State Employment Servs.,* 41 F.3d 991, 995 (5th Cir.1995); *Henrise v. Horvath,* 94 F.Supp.2d 765, 766 (N.D.Tex.2000). Second, the complaint must assert facts that, if proven, would show that an objectively reasonable officer would have understood that his alleged conduct would violate the plaintiff's rights. In short, the court must determine whether plaintiff's complaint alleges—with specificity—the acts, conduct, or omissions by the individual defendants' that would make defendants liable to plain-

tiff. If not, then ordering a Rule 7 Reply from plaintiff is appropriate.

## V. ANALYSIS—DEFENDANTS PERRIT, BECK AND WISBY

For analytical purposes, the three officers who had direct contact with the plaintiff on the occasion in question, defendants Perrit, Beck and Wisby, are identical in status. This analysis and report pertains only to their motion.

### A. Motion to Dismiss Texas Tort Claims Act Cause of Action

■ The plain meaning of Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a) is that advocated by defendants. Section 101.106(a) expressly precludes suits against *both* a governmental entity *and* a governmental employee, when both actions involve the same subject matter. The Fifth Circuit interprets the *"same subject matter"* language of Section 101.106 to mean *"arising out of the same actions, transactions, or occurrences."* *Estate of Shane G. Sorrells v. City of Dallas,* 45 Fed.Appx. 325 at *4 (5th Cir.2002). Here, plaintiff's suit against the City of Beaumont and its individual police officers clearly involves the same subject matter.

State courts, construing Section 101.106(a), clearly apply the statute in the manner argued by defendants in this case. See *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 344 (Tex.1998); *see also Bell v. Love,* 923 S.W.2d 229, 233 (Tex.App.—Houston [14th Dist.] 1996, no writ); *White v. Annis,* 864 S.W.2d 127, 131 (Tex.App.—Dallas 1993, writ denied). In addition, federal courts read the statute in the same manner. *Castellano v. Fragozo,* 352 F.3d 939, 961 n. 1 (5th Cir.2003) ("A judgment or settlement of a Texas Tort Claims Act case involving a government employer bars the continuation of an action or judgment

against an employee of that department 'whose act or omission gave rise to the claim.' ")(Jones, J., concurring and dissenting); *Estate of Sorrells,* 45 Fed.Appx. 325, 2002 WL 1899592, *4; *Flores v. Sanchez,* No. EP–04–CA–056–PRM, 2005 WL 1404163 at *6 (W.D.Tex. June 14, 2005) (stating that *"[t]he practical effect of [§ 101.106] is that a plaintiff is made to sue the governmental entity"*).

No state or federal case to date has invalidated, restricted or established exceptions to Section 101.106. In absence of such, and considering plaintiff's complete omission of any response to defendants' argument on this point, and because plaintiff's suit against the City and its officers arises out of the same events, plaintiff's tort claims against the officers Perritt, Beck and Wisby should be dismissed under Fed.R.Civ.P. 12(b)(6). Plaintiff cannot state a claim upon which relief may be granted against these employees, because the Texas Civil Practice and Remedies Code prevents such claims. Thus, plaintiff pleads no cognizable legal theory against the individual defendants.

### B. Conspiracy Claims under 42 U.S.C. § 1985

Defendants Perrit, Beck and Wisby may be sued under Section 1985. Plaintiff asserts that they violated subsections 2 (obstructing justice, intimidating party, witness or juror) and (3) (depriving persons of equal protection of the laws).

■■ To state a claim under 42 U.S.C. § 1985(2), plaintiffs must prove either (1) a conspiracy "designed to deny or interfere with equal protection rights" or (2) "a nexus between the alleged conspiracy and a proceeding in federal court." *Bradt v. Smith,* 634 F.2d 796, 801 (5th Cir.1981). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the

purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994). In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus. *Id.*

■ Plaintiff's petition contains only two paragraphs alleging conspiracy. These paragraphs contain no factual averments whatsoever from which a neutral fact finder could conclude that a conspiracy existed, that it was race-based, that plaintiff is in a protected class, or that it involved obstruction of justice or denial of equal protection of the laws. As earlier noted, a plaintiff must allege facts, not conclusory allegations, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir.1987). That rule especially applies to actions alleging conspiracies to violate civil rights. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir.1999); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986) (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.1982); *Ellis v. Crawford*, No. Civ.A. 3:03CV2416D, 2005 WL 525406 at *28 (N.D.Tex. Mar.3, 2005); *Stuart v. Frazier*, No. 3–01–CV2629–G, 2002 WL 1371215 at *3 (N.D.Tex. June 21, 2002); *Parsons v. City of Rio Vista*, No. Civ.A. 398–CV–0920–G, 2002 WL 83769 at *2 (N.D.Tex. Jan.4, 2002)). Therefore, the three officers' motion to dismiss the Section 1985 allegations has merit.

## C. Section 1983 Claims

■ Section 1983 actions can be brought against individuals. Individuals are liable for their personal conduct. To prevail against an individual defendant, the plaintiff must plead and show that the individual defendant:

(1) deprived plaintiff of rights secured by the constitution or laws of the United States,

(2) while acting under color of state law, and

(3) caused injury by the deprivation.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984); *see also Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1409 (5th Cir.1995) (stating that the requisite elements of a Section 1983 claim are "a constitutional deprivation, causation, and action under color of state law").

Plaintiff's petition clearly alleges that individual defendants Perrit, Beck and Wisby acted by virtue of their authority as law enforcement officers of the City of Beaumont. Pl.'s Pet. at ¶ 26. That satisfies the requirement to allege conduct under color of state law. Plaintiff's petition also alleges that the individual defendants caused plaintiff injury. (Pl.'s Pet. at ¶ 28), thereby satisfying the requirement to show that the defendants' conduct caused injury. Thus, the crucial issue for decision is whether plaintiff's petition alleges that the individual defendants acted in such a way as to deprive plaintiff of federally-protected rights.

### 1. *Defendants' Grounds for Dismissal*

■ Defendants argue that plaintiff's petition does not identify a protected life, liberty or property interest at stake, and also does not identify any state action causing deprivation of that interest. Moreover, defendants argue that even if a protected interest and unlawful state action were identified, plaintiff's petition

does not allege particular facts sufficient to overcome their defense of qualified immunity. Consequently, defendants assert the petition should be dismissed, or, alternatively, the court should order a more definite statement as groundwork for a subsequent motion to test the sufficiency of plaintiff's claim against their immunity defense.

### 2. State Action and Protected Interests

As mentioned, plaintiff alleges that defendants Perrit, Beck and Wisby acted in the course and scope of their employment as municipal police officers. State action is inherent in such conduct. Plaintiff's petition sufficiently alleges state action.

Plaintiff's petition alleges no facts that implicate freedom of speech or press, or any other First Amendment right. Similarly, nothing in the complaint raises a specter of denial of a Sixth Amendment right to counsel. Likewise, the petition specifies no benefit or service provided by the federal or state government the enjoyment of which was abridged by these defendants. Thus, defendants are correct in part when arguing that plaintiff's factual allegations fail to identify a federally-protected right.

However, plaintiff's petition contains certain alleged facts as follows:

*On June 22, 2004, Plaintiff was struck, kicked, dragged, tasered purposely and repeatedly. This occurred at the 3600 block of College Street, Beaumont, Jefferson County, Texas. Plaintiff was transported to Spindletop MHMR, 2750 S. 8th Street, upon arrival Plaintiff was pulled out of the patrol car and was inhumanly [sic] pulled back and forth ... Plaintiff was brutalized by the two officers by being tasered several times*

*... Plaintiff was told to stand and face the wall ... Plaintiff was stung with a taser gun and immediately fell to the floor.*

Pl.'s Pet. at ¶ 11. Plaintiff names defendants Perrit, Wisby and Beck as the officers who engaged in this alleged conduct. Pl.'s Pet. at ¶ 32. From this allegation, it is clear that plaintiff's petition identifies by necessary implication at least two federally-protected rights: a Fourth Amendment right to be free from unreasonable seizure, and a Fourteenth Amendment right to due process of law.

In *Kaupp v. Texas,* 538 U.S. 626, 631, 123 S.Ct. 1843, 155 L.Ed.2d 814 (2003), the court held that police handcuffing and arresting of a person constitutes a seizure. Using physical force is a seizure. *California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Therefore, allegations of physical brutality by officers during a seizure implicates Fourth Amendment rights.[8]

Detention subsequent to seizure triggers Fourteenth Amendment rights to due process. In *DeShaney v. Winnebago County Dept. of Soc. Serv.,* 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), the court observed that *"[I]t is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause."* That liberty interest is implicated when a person is confined in a hospital, even when conditions of confinement are liberal. *Reno v. Flores,* 507 U.S. 292, 315–316, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993).

---

**8.** The 4th Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreason-able ... seizures, shall not be violated...." U.S. Const. amend. IV.

The court, therefore, cannot dismiss plaintiff's Section 1983 claims against the individual defendants for lack of any identified, federally-protected interest at stake in the suit.

### 3. *Qualified Immunity and Rule 7*

Plaintiff's success in identifying federally-protected rights allegedly violated by state actors does not end the matter. The defense of qualified immunity protects defendants Perrit, Beck and Wisby not only from liability, but also from suit, in appropriate circumstances. When those circumstances exist, defendants cannot be sued, even if their conduct violated protected rights. *Davis v. Scherer,* 468 U.S. 183, 190, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

Since qualified immunity protects eligible public officials even from *suit,* courts have a threshold duty to determine the merits of the affirmative defense, once asserted, *at the outset of the litigation. Wicks v. Mississippi State Employment Servs.,* 41 F.3d 991, 995 (5th Cir.1995); *see also Lion Boulos v. Wilson,* 834 F.2d 504, 507 (5th Cir.1987). To satisfy this duty, courts must have means to evaluate merits of the defense. Given the analytical framework described earlier—including the heightened pleading standard established in *Schultea v. Wood*—the court must look to whether the plaintiff's complaint contains factual allegations that, if proven, would show both a violation of a clearly-established right *and also* that the alleged conduct was objectively unreasonable, as that term is defined in *Saucier v. Katz, Malley v. Briggs,* and other jurisprudence on the subject.

### 4. *Discussion*

 Police officers have a dangerous job of enforcing laws, keeping peace and apprehending lawbreakers. They have a right to use reasonable physical force against individuals when force is necessary to perform their duties. When *apprehending or seizing* an individual for law enforcement purposes, the Fourth Amendment permits them to use objectively reasonable force in light of the facts and circumstances confronting them. *Johnson v. Morel,* 876 F.2d 477, 479 (5th Cir.1989) (*en banc* ) (quoting *Graham v. Connor,* 490 U.S. at 396–97). Whether force is objectively reasonable is assessed without regard to the officers' underlying intent or motivation. *Id.,* at 479. When subsequently *detaining* an individual, the Fourteenth Amendment permits good faith use of force to maintain or restore discipline, while proscribing malicious and sadistic force employed for the very purpose of causing pain. *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).[9]

 Plaintiff's petition alleges that she was pulled out of a car "inhumanly" (*sic*). and "brutalized." These purely conclusory statements do not suffice to overcome qualified immunity. Plaintiff's bare-boned fact allegations that defendants Perrit, Beck and Wisby (a) struck, kicked, dragged and tasered her purposely and repeatedly, (b) pulled out of patrol car "back and forth", (c) put her on the floor and had one officer sit on her, and (d) allowed one officer to put a finger in her throat suffice to show that substantial physical force was applied. But they do not, without more, show circumstances

---

**9.** *Whitley v. Albers* was an Eighth Amendment case involving a convicted person. The Eighth Amendment standard applies equally to Fourteenth Amendment excessive force claims by unconvicted detainees. *Bell v. Wolf-*

*ish,* 441 U.S. 520, 535 n. 16, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir.1996) (en banc); *Valencia v. Wiggins,* 981 F.2d 1440, 1449 (5th Cir.1993).

making the officers' conduct objectively unreasonable during the seizure, or malicious or sadistic during plaintiff's detention. Each challenged action might well be lawful, depending on plaintiff's conduct and other prevailing circumstances.

Absent more alleged facts, the court cannot determine whether the three officers' alleged conduct violated plaintiff's clearly-established federal rights. Absent more alleged facts, the court has no basis for determining whether the three officers were on notice that their alleged conduct would violate plaintiff's rights. Thus, this is an instance where summary dismissal is inappropriate, but a Rule 7 reply clearly is necessary.

The three defendants' motion to *dismiss* for failure to state a claim should be denied. Their alternative motion for an *order requiring a Rule 7 reply* should be granted to the extent of requiring plaintiff to replead sufficient alleged facts to overcome their qualified immunity defense.

## VI. RECOMMENDATIONS

Regarding defendants Perrit, Beck and Wisby:

1. Defendants' motion to dismiss should be granted with regard to plaintiff's Texas Tort Claims Act claims.

2. Defendants' motion to dismiss should be granted with regard to plaintiff's Section 1985 claims.

3. Defendants' motion to dismiss should be denied with regard to plaintiff's Section 1983 claims. However, their alternative motion to require a Rule 7 reply should be granted

## VII. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

■ A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

Sept. 13, 2005.

## *REPORT AND RECOMMENDATION RE MUNICIPAL DEFENDANTS' MOTION TO DISMISS*

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States magistrate judge for pretrial proceedings. The referral order directs the magistrate judge to hear and determine matters within his dispositive authority, and to submit a report containing proposed findings of fact, conclusions of law, and a recommended disposition of other matters. Bmt. Gen. Order 04–07 at ¶ 2.

All defendants move for dismissal, or, alternatively, for a more definite statement or Rule 7 reply. This is the second in a series of three reports dealing with the motion. For analytical simplicity, this report concerns only the motion of the municipal defendants, City of Beaumont and City of Beaumont Police Department.

## I. NATURE OF SUIT; PARTIES; BACKGROUND

The procedural history of this action, the parties, the claims and defenses asserted, and the alleged factual background are stated in an earlier report. See *Report & Recommendation of United States Magistrate Judge,* 1:05cv109 (Docket No. 19)

(herein "Initial Report"). Those recitations are incorporated into this report by reference.

It suffices here to state summarily that plaintiff alleges that she was subjected to unnecessary and excessive force at the hands of municipal police officers. She seeks to recover for alleged injuries on theories of negligence, violation of federal rights, and conspiracy to interfere with civil rights. Her negligence action is premised on the Texas Tort Claims Act.[1] She asserts civil rights claims under the Civil Rights Act of 1871, codified at Title 42, United States Code, Sections 1983 and 1985 (hereafter "Section 1983" and "Section 1985" respectively.)

Two named defendants are City of Beaumont and City of Beaumont Police Department. They move for dismissal or for more definite statement or Rule reply, along with the other defendants.

## II. DEFENDANTS' MOTION

The motion to dismiss was filed by all defendants, collectively. Because principles of analysis vary by defendant, all arguments advanced in the motion are not necessarily relevant to each defendant's potential liability. This section, therefore, mentions only those arguments pertinent to municipal defendants.

The municipal defendants do not seek dismissal of plaintiff's negligence cause of action under the Texas Tort Claims Act. However, they argue plaintiff's civil rights claims under Sections 1983 and 1985 should be dismissed because plaintiff proffers only conclusory allegations.

Plaintiff's response argues that federal rules of pleading require liberal construction, only a short and concise statement of facts sufficient to provide notice of the nature of plaintiff's claim, and that orders requiring more definite statements are disfavored. Plaintiff does not address, except elliptically, the contention that federal civil rights causes of action fail to state a claim upon which relief can be granted when the petition or complaint contains only conclusory allegations.

## III. PRINCIPLES OF ANALYSIS

The Initial Report identified and discussed generally (a) relevant portions of state law, (b) federally-protected rights implicated by plaintiff's petition, (c) relevant federal rules of civil procedure, (d) essential elements of causes of action under Sections 1983 and 1985, and (e) pleading requirements for claims of conspiracy to interfere with civil rights under Section 1985. Those discussions are incorporated herein by reference. In addition, proper analysis of the municipal defendants' motion requires a discussion of parties amenable to suit and municipal liability in the context of federal civil rights actions.

### A. Jural Capacity

The capacity of an entity to sue or be sued is determined by the law of the state in which the district court is held. Fed. R.Civ.P. 17(b). In Texas, municipal governments generally are configured as home rule cities under the Texas Local Government Code. *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991); *Hutchison v. Brookshire Bros., Ltd.,* 284 F.Supp.2d 459, 465 n. 4 (E.D.Tex. 2003) (Schell, J.); *Paredes v. City of Odessa,* 128 F.Supp.2d 1009, 1013 (W.D.Tex. 2000). Home rule charters generally reserve to municipalities the power to sue and be sued. *Darby,* 939 F.2d at 313. Moreover, the Code grants authority to organize a police force to the city itself.

---

1. Texas Tort Claims Act, 1985 Tex. Gen. Laws 3242, 3322 (codified as amended at Tex. Civ. Prac. & Rem.Code Ann. § 101.001–.109 (Vernon 2004)).

Tex. Loc. Gov't Code Ann. § 341.003 (Vernon 2005).

A Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity. *Darby,* 939 F.2d at 313. Absent this authorization, suits against the subdivision alone are improper and cannot proceed. *Id.*

## B. Municipal Liability in Civil Rights Actions

The law presumes that municipalities are incapable of entering into conspiracies. *See Benningfield v. City of Houston,* 157 F.3d 369, 378 (5th Cir.1998); *Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir.1994). Hence, municipalities cannot be liable in actions brought pursuant to Section 1985. For Section 1983 purposes, however, municipalities are deemed to be "persons" susceptible to suit. *Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 532 (5th Cir.1996).

Municipalities enjoy neither Eleventh Amendment nor qualified immunity. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (qualified immunity); *Monell,* 436 U.S. at 691 n. 54 (Eleventh Amendment). However, vicarious liability under the common law doctrine of *respondeat superior* cannot be imposed against a municipality in a Section 1983 case. *Monell,* 436 U.S. at 691; *Hutchison v. Brookshire Bros., Ltd.,* 284 F.Supp.2d 459, 472–73 (E.D.Tex.2003) (Schell, J.). Nor does common-law negligence provide a basis for liability in a Section 1983 action. *See Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (stating that the court has consistently "rejected reasoning that 'would make of the Four-teenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the states' ") (citing *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)); *Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force,* 379 F.3d 293, 309 (5th Cir.2004) (citing *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.1992)). Rather, a successful Section 1983 action against a municipality must be based upon violation of federally-protected rights through implementation or execution or a policy or custom adopted by that body's officers. *Monell,* 436 U.S. at 691; *Krueger v. Reimer,* 66 F.3d 75, 76 (5th Cir.1995). Local governments are liable only when a plaintiff proves that an official policy or custom of the entity's final policy-maker was the "moving force" that caused deprivation of a constitutional right. *Monell,* 436 U.S. at 692; *Bennett v. Pippin,* 74 F.3d 578, 586 (5th Cir.1996). Stated succinctly:

> It is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell,* 436 U.S. at 694. The Fifth Circuit views the essential elements of a Section 1983 claim against a municipality as being:

1. A policy or custom existed;

2. The governmental policy makers actually or constructively knew of its existence;

3. A constitutional violation occurred; and

4. The custom or policy served as the moving force behind the violation.

*Meadowbriar Home for Children, Inc. v. Gunn,* 81 F.3d 521, 532–33 (5th Cir.1996) (citing *Palmer v. City of San Antonio,* 810

F.2d 514, 516 (5th Cir.1987)). *See also Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 169 (5th Cir.1985).[2]

■ For purposes of Section 1983, policies need not be formal regulations, ordinances or resolutions. An informal policy can be inferred from conduct that reflects "practices of state officials so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167—68, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Thus, the Fifth Circuit defines "official policy" as:

a. *A policy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the county's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or*

b. *A persistent widespread practice of city officials or employees, which ... is so common and well settled as to constitute a custom that fairly represents municipal policy.*

*Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir.1987), *rev'd on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

Acts of *omission*, as well as *commission*, may serve as a predicate for finding a policy or custom. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 463 (5th Cir.1994) (stating that "[w]here a municipality's inaction demonstrates deliberate indifference toward the rights of an individual, the municipality commits an act of omission"); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir.1992) (holding that "[t]he decision not to take any action ... constitutes a policy for purposes of § 1983 municipal liability").

■ Inadequate training of municipal officers can be deemed official policy. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). To be actionable, however, the municipality's inadequate training policy must not only be a moving force behind a constitutional violation, but must also evidence deliberate indifference to the constitutional rights of persons with whom its officers come into contact. *Id.* at 388. The Fifth Circuit specifically recognizes that inadequacy of police training may serve as a basis for Section 1983 liability when it amounts to deliberate indifference to the rights of persons with whom police come into contact. See *Burge v. Parish of St. Tammany*, 187 F.3d 452, 472 (5th Cir. 1999). By logical extension, inadequate policies regarding supervision also serve as a basis for municipal Section 1983 liability when similar circumstances are present. *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir.1982).

The specific act of omission of failure to supervise usually gives rise to Section 1983 liability only in situations in which there is a history of widespread abuse. *Id.* at 988. Absent such, courts are reluctant to impute knowledge to supervisory or policy-making officials, and absent imputed knowledge, courts cannot find deliberate indifference.

## IV. APPLICATION

### A. City of Beaumont Police Department

■ The City of Beaumont is a home rule city whose charter provides that the

2. *Grandstaff v. City of Borger* articulated the elements as being (1) a policy (2) of the city's policy-maker (3) that caused (4) the plaintiff to be subjected to deprivation of a constitutional right.

City "may sue and be sued and shall have all the powers granted to cities by the Constitution and Laws of the State of Texas." Beaumont Charter art. II, § 1.[3] That Charter also provides that the City "may make and enforce all police ... regulations." *Id.* It does not, however, designate its police department as an independent entity capable of suing and being sued. Moreover, plaintiff neither pleads nor offers proof that the city has conferred independent jural capacity on its police department.

In absence of such pleading or proof, suit against the police department itself is improper. *Darby,* 939 F.2d at 313. Consequently, the defendant, "City of Beaumont Police Department" should be dismissed for lack of jural capacity.

**B. Section 1985 Conspiracy Allegations**

Since as a matter of law the remaining municipal defendant, the City of Beaumont, is incapable of entering into a conspiracy, plaintiff's petition fails to assert a cognizable claim under Section 1985. The Section 1985 cause of action against the city should be dismissed for that reason, and also because plaintiff's petition contains only conclusory allegations. *See Initial Report,* § V.B. (citing cases holding that conclusory allegations insufficient to state a cognizable conspiracy claim under 42 U.S.C. § 1985).

**C. Section 1983 Allegations**

■ There is no heightened pleading requirement for Section 1983 suits against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Thus, the liberal system of notice pleading established in

Fed.R.Civ.P. 8(a)(2) governs plaintiff's claim against the City of Beaumont. *Id.* at 168. That means:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted).

■ Construing plaintiff's petition liberally, plaintiff alleges that the city's policy-making authority in police matters is delegated to its police chief, Tom Scofield; that a pattern of widespread abuse exists in the use of force generally, and taser guns in particular, against black citizens; and that Chief Scofield's failure to intervene and stop such abuse is an act of omission amounting to an actionable policy of inadequate supervision which is a moving force behind the alleged violation of constitutional rights. Consequently, plaintiff's petition states a cognizable claim upon which relief can be granted. Moreover, while the petition is devoid of specific factual allegations that support the claim, it is not so vague or ambiguous that the city cannot reasonably be required to frame a responsive pleading.

These determinations lead to a conclusion that the city's motion to dismiss plaintiff's Section 1983 cause of action for failure to state a claim, and its alternative motions for a more definite statement or a Rule 7 reply, must be denied. If this claim is so unmeritorious as to require the court to weed it out earlier than a plenary trial, the city must rely on summary judgment

---

**3.** *Charter of City of Beaumont, Texas,* City of Beaumont (revised September 16, 2003), *available at* http://www.cityofbeaumont.com.

and control of discovery. See *Leatherman*, 507 U.S. at 168–69.

## V. RECOMMENDATIONS

1. The court should dismiss "City of Beaumont Police Department" as a defendant in this action for lack of jural capacity.

2. The court should partially grant the City of Beaumont's Rule 12(b)(6) motion, and dismiss plaintiff's cause of action against the City of Beaumont under Section 1985 for failure to assert a cognizable legal theory.

3. The court should partially deny the City of Beaumont's Rule 12(b)(6) motion, and also deny the City of Beaumont's Rule 7 and Rule 12(e) motions for more definite statement regarding plaintiff's cause of action against the City of Beaumont under Section 1983.

## VI. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

Sept. 15, 2005.

---

## REPORT AND RECOMMENDATION RE DEFENDANT SCOEFIELD'S MOTION TO DISMISS

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States magistrate judge for pretrial proceedings. The referral order directs the magistrate judge to hear and determine matters within his dispositive authority, and to submit a report containing proposed findings of fact, conclusions of law, and a recommended disposition of other matters. Bmt. Gen. Order 04–07 at ¶ 2.

All defendants move for dismissal or, alternatively, for a more definite statement or a Rule 7 reply. This is the third in a series of three reports dealing with the motion. For analytical simplicity, this report concerns only the motion of defendant Tom Scoefield.

## I. NATURE OF SUIT; PARTIES; BACKGROUND

The procedural history of this action, the parties, the claims and defenses asserted, and the alleged factual background are stated in an earlier report. See *Report & Recommendation of United States Magistrate Judge*, 1:05cv109 (Docket No. 19) (herein "Initial Report"). Those recitations are incorporated into this report by reference.

It suffices here to state summarily that plaintiff alleges that she was subjected to unnecessary and excessive force at the hands of municipal police officers. She seeks to recover for alleged injuries on theories of negligence, violation of federal rights, and conspiracy to interfere with civil rights. Her negligence action is premised on the Texas Tort Claims Act.[1] She asserts civil rights claims under the Civil Rights Act of 1871, codified at Title

---

1. Texas Tort Claims Act, 1985 Tex. Gen. Laws 3242, 3322 (codified as amended at Tex. Civ. Prac. & Rem.Code Ann. § 101.001–.109 (Vernon 2004)).

42, United States Code, Sections 1983 and 1985 (hereafter "Section 1983" and "Section 1985," respectively.)

One named defendant is Tom Scoefield (*sic*),[2] who is chief of the Beaumont, Texas, municipal police department. Chief Scofield moves for dismissal or for more definite statement or Rule 7 reply, along with the other defendants.

## II. DEFENDANT'S MOTION

The motion to dismiss was filed by all defendants, collectively. Because principles of analysis vary by defendant, all arguments advanced in the motion are not necessarily relevant to each defendant's potential liability. This section, therefore, mentions only those arguments apropos to Chief Scofield.

Chief Scofield argues that plaintiff cannot maintain a negligence cause of action under the Texas Tort Claims Act against him because Texas law precludes Tort Claims Act suits against individual *employees* of governmental units when a plaintiff files suit against the *governmental unit*. He cites Texas Civ. Prac. & Rem. Code Ann. § 101.106(a), (e) (Vernon Supp. 2004) as support for his contention that the negligence-based cause of action against him should be dismissed.

Chief Scofield argues further that plaintiff's Reconstruction civil rights claims under Sections 1983 and 1985 should be dismissed because plaintiff's factual averments do not overcome his defense of qualified immunity. Additionally, these claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff asserts only conclusory allegations.

Plaintiff's response consists of general platitudes about rules of pleading (e.g.,

pleadings construed liberally; complaints need only provide short and concise statement of facts; orders requiring more definite statements disfavored, etc.). Plaintiff does not address at all the contention that the Texas Tort Claims Act bar against suits against both a government entity and its employees. Plaintiff's response only obliquely speaks to Scofield's contention that civil rights plaintiffs must plead facts sufficient to overcome qualified immunity, and his additional argument that the civil rights causes of action fail to state a claim because the petition contains only conclusory allegations.

## III. PRINCIPLES OF ANALYSIS

The Initial Report identified and discussed generally (a) relevant portions of state law, (b) federally-protected rights implicated by plaintiff's petition, (c) relevant federal rules of civil procedure, (d) the judicial doctrine of qualified immunity, (e) essential elements of causes of action under Sections 1983 and 1985, (f) pleading requirements for claims of conspiracy to interfere with civil rights under Section 1985, and (g) heightened pleading requirements for Section 1983 suits against individual defendants claiming qualified immunity. Those discussions also are incorporated herein by reference.

In addition, accurate analysis of Chief Scofield's motion requires a brief discourse of one additional doctrine: *supervisory liability* in Section 1983 civil rights actions. Personal involvement is essential to any individual's liability under Section 1983. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983); *see also Rizzo v. Goode*, 423 U.S. 362, 371–72, 96 S.Ct. 598, 46 L.Ed.2d 561 (stating that "[p]ersonal involvement is an essential element of a civil rights cause

---

**2.** The court may take administrative notice that correct spelling of the Beaumont Chief of Police's surname is "Scofield."

of action"); *Fickes v. Jefferson County,* 900 F.Supp. 84, 88 (E.D.Tex.1995). Consequently, supervisors are not automatically and vicariously liable for their subordinates' bad acts under the common-law doctrine of *respondeat superior. Thompkins v. Belt,* 828 F.2d 298, 303–304 (5th Cir.1987); *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985).

 In excessive force cases such as this, however, supervisors can be liable notwithstanding that they did not apply force themselves. They can be liable when there is a causal connection between their acts or omissions and the acts which caused injury. Thus, a supervisor who orders use of excessive force can be liable. *See Cousin v. Small,* 325 F.3d 627, 637–38 (5th Cir.2003). A supervisor's presence or knowledge, accompanied by failure to intervene or otherwise protect an individual against use of excessive force suffices. *Hale v. Townley,* 45 F.3d 914, 919 (5th Cir.1995); *Harris v. Chanclor,* 537 F.2d 203, 206 (5th Cir.1976). Under some circumstances, failure to adequately supervise subordinates satisfies the personal-involvement prerequisite. *Hinshaw v. Doffer,* 785 F.2d 1260, 1263 (5th Cir.1986) *rev'd on other grounds, Martin v. Thomas,* 973 F.2d 449 (5th Cir.1992); *Bowen v. Watkins,* 669 F.2d 979, 988 (5th Cir.1982).

 Without direct personal involvement in an incident, a supervisor cannot be held liable under Section 1983 unless the plaintiff alleges and shows that the supervisor's failure to train or supervise his officers properly caused the harm. *Hinshaw,* 785 F.2d at 1263. Moreover, when liability is premised on an act of omission, e.g., failure to supervise, such failure usually gives rise to Section 1983 liability only in situations involving a history of widespread abuse. *Bowen v. Watkins,* 669 F.2d 979, 988 (5th Cir.1982). The analytical framework for such cases is stated succinctly in *Edwards v. Harris County Sheriff's Dep't.,* 864 F.Supp. 633, 635 (S.D.Tex., 1994) (Crone, J.) as follows:

> In widespread abuse cases, knowledge may be imputed to the supervisory official, and he can be found to have caused the constitutional violation because he failed to prevent it. Thus, the plaintiff must show that: (1) the sheriff failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) such failure to supervise or train amounted to deliberate indifference.

*Id.,* (citing *Hinshaw,* 785 F.2d at 1263; *Bowen,* 669 F.2d at 988; *Walton v. Alexander,* 20 F.3d 1350, 1355 (5th Cir.1994); *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 453 (5th Cir.) *cert. denied,* 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994); and *Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir.) *cert. denied,* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993)).

## IV. APPLICATION

### A. Texas Tort Claims Act Cause of Action

The Initial Report, Section IV.A, determined that the Texas Tort Claims Act, codified in Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a) (Vernon Supp.2004) precludes suits against *both* a governmental entity *and* its employees when both actions involve the same subject matter. Since plaintiff elected to sue the City of Beaumont and its employees for acts arising out of the same actions, transactions, or occurrences, plaintiff is deemed to have irrevocably elected to proceed against the governmental entity only. The statute provides:

*The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.*

*Id.; Flores v. Sanchez,* No. EP–04–CA–056–PRM, 2005 WL 1404163 at \*3 (W.D.Tex. June 14, 2005); *see also* Michael D. Morrison, *Texas Tort Law—2003; It Was a Very _____ Year,* 56 Baylor L.Rev. 423, 479 (2004). That election requires dismissal of the tort claims act suit against all individual defendants, including Chief Scofield.

## B. Section 1985 Cause of Action (Conspiracy)

The Initial Report, Section V.B, concluded that Section 1985 plaintiffs must allege facts, not conclusory allegations, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. The Initial Report further determined that plaintiff's petition contains no factual averments whatsoever from which a neutral fact finder could conclude that a conspiracy existed, that it was race-based, that plaintiff is in a protected class, or that it involved obstruction of justice or denial of equal protection of the laws. Such omissions required the court to grant the motion to dismiss filed by the three police officers who participated in the incident in question. Likewise, plaintiff's Section 1985 cause of action against Chief Scofield must be dismissed.

## C. Section 1983 Cause of Action

 Plaintiff's petition alleges that three subordinate police officers who also are defendants *"[d]uring all times … were acting pursuant to orders and directives from defendant Tom Scoefield."* Pl.'s Pet. at ¶ 25. It further alleges that members of the Beaumont Police Department *"have subjected plaintiff and other persons to a pattern of conduct consisting similar (sic) to those plaintiff complain (sic) in paragraph 11 such as the horrendous tasering and beatings at the time of making an arrest or intididation during arrest and booking procedures, etc. solely on account of race …"* Pl.'s Pet. at ¶ 29. It alleges that this pattern is *"systemic."* Pl.'s Pet. at ¶ 30. Finally, it alleges that *"[d]espite the fact that … [he] knew or should have known of the fact that this pattern of conduct was being carried out …, … Tom Scoefield … [took] no step or effort to order a halt to this course of conduct, …."* Pl.'s Pet. at ¶ 31.

These allegations are sufficient to allege a basis for Chief Scofield's liability under Section 1983. They assert both direct personal involvement (directing the officers during all times) and imputed knowledge via failure to supervise or protect alleged victims of widespread and repetitive abuse. As an individual defendant against whom personal liability is asserted, however, Chief Scofield is entitled to, and has asserted, the defense of qualified immunity. Thus, plaintiff prevails against Chief Scofield's motion only if allegations of his complaint satisfy the heightened pleading requirements required in this circuit in Section 1983 cases against individuals who assert a defense of qualified immunity. See *Schultea v. Wood,* 47 F.3d 1427, 1433–34 (5th Cir.1995). *See also Nunez v. Simms,* 341 F.3d 385 (5th Cir.2003); *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir.1999); *Ratliff v. City of Houston,* No. Civ.A.H–02–3809, 2005 WL 1745468 (S.D.Tex. July 25, 2005); *Mumphrey v. Gregg County, Texas,* No. 205–cv–22, 2005 WL 1630831 (E.D.Tex. July 8, 2005); *Mack v. City of Abilene,* No. 104–cv–050C, 2005 WL 1149807 (N.D.Tex. May 12, 2005).

To meet that burden, the plaintiff must allege *particular facts* forming the basis of his claim, including those preventing Chief Scofield from maintaining a qualified immunity defense. The complaint must assert facts that, if proven, demonstrate that Beaumont police officers violated clearly established statutory or constitutional rights, *and* that *a reasonable officer situated similarly to Chief Scofield would have understood that there was a causal connection between his alleged conduct and the constitutional violations by subordinate officers.* *Wicks v. Mississippi State Employment Servs.,* 41 F.3d 991, 994–95 (5th Cir.1995); *Brown v. Glossip,* 878 F.2d 871, 874 (5th Cir.1989); *Henrise v. Horvath,* 94 F.Supp.2d 765, 766 (N.D.Tex.2000).

The Initial Report observed that plaintiff's petition lacks factual allegations concerning the uses of force that are sufficient to show violation of a clearly-established right. It also lacks specific factual allegations regarding Chief Scofield's knowledge, direct or imputed, of such violations, or that Chief Scofield's conduct, whether an act of commission or omission, was a moving force behind the alleged violations. It also lacks specific fact averments which, if proven, would show that an objectively reasonable person similarly situated to Chief Scofield would have understood that his action or inaction in the matter would violate plaintiff's rights. Consequently, Chief Scofield's motion should be partially granted to the extent of requiring a Rule 7 reply as contemplated by *Schultea v. Wood* and its progeny.

### V. CONCLUSIONS

Plaintiff's cause of action against Chief Scofield under the Texas Tort Claims Act is barred by Texas law. Consequently, plaintiff's petition fails to assert a cognizable legal theory.

Plaintiff's cause of action against Chief Scofield under 42 U.S.C. § 1985 is asserted in purely conclusory terms. As such, it fails to state a claim upon which relief can be granted.

Plaintiff's petition against Chief Scofield states a claim upon which relief can be granted under 42 U.S.C. § 1983, but it fails to aver facts which, if proven, would overcome Chief Scofield's qualified immunity defense.

Based on these findings and conclusions, the following recommendations are submitted:

### VI. RECOMMENDATIONS

1. Defendant Scofield's motion to dismiss should be granted with regard to plaintiff's Texas Tort Claims Act and Section 1985 claims.

2. Defendant Scofield's motion to dismiss should be denied with regard to plaintiff's Section 1983 cause of action, but his alternative motion to require a Rule 7 reply should be granted.

### VII. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v.*

*United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

Sept. 16, 2005.